IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ROBERT BERRY, INDIVIDUALLY | § | |
| AND ON  BEHALF OF ALL OTHERS | § | |
| SIMILARLY SITUATED, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:17-cv-00304-JFA |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO & COMPANY, | § | |
| WELLS FARGO CLEARING | § | |
| SERVICES, LLC, and WELLS FARGO | § | |
| ADVISORS FINANCIAL NETWORK, | § | |
| LLC, and DOES 1 thru 50, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

I.      FACTUAL BACKGROUND ................................................................1

II.     PROCEDURAL BACKGROUND..........................................................5

III.    PLAINTIFF'S CLAIMS ......................................................................6

IV.     THE PROPOSED DEFINITIONS OF THE CLASS ..............................6

V.      ARGUMENT ......................................................................................7

        A.     Legal Standards for Class Certification ...................................7

        B.     The Requirements of Rule 23(a) Are Satisfied.........................8

               1.     The Members of the Proposed Class Are so Numerous that Joinder
                      is Impracticable .........................................................8

               2.     Questions of Law and Fact Are Common to the Proposed Class ...............9

               3.     Plaintiff's Claims Are Typical of Those of the Proposed Class ...............10

               4.     Plaintiff Will Fairly and Adequately Protect the Interests of the
                      Proposed Class and Should Be Appointed Class Representative ............11

        C.     The Proposed Class Meets the Requirements of Rule 23(b). ................13

               1.     The Class Should Be Certified Under Rule 23(b)(1)................................13

                      a.     Certification is proper under (b)(1)(A) .........................................13

                      b.     Certification is proper under (b)(1)(B) .........................................14

               2.     In the Alternative, the Class May Be Certified under Rule 23(b)(3).........15

        D.     The Implied Requirements of Rule 23 Are Satisfied.............................17

        E.     Plaintiff's Counsel Should Be Appointed Class Counsel Under Rule 23(g).........18

CONCLUSION.................................................................................................19

# TABLE OF AUTHORITIES

**CASES**

*Alday v. Raytheon Co.*,
   619 F. Supp. 2d 726 (D. Ariz. 2008) ........................................................................ 14

*Am. Sales Co., LLC v. Pfizer, Inc.*,
   No. 2:14cv361, 2017 WL 3669604 (E.D. Va. July 28, 2017) .................................... 8

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ........................................................................................... *passim*

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
   568 U.S. 455 (2013) ................................................................................................... 7

*Beaulieu v. EQ Indus. Servs., Inc.*,
   No. 5:06-CV-00400-BR, 2009 WL 2208131 (E.D.N.C. July 22, 2009) .................... 12

*Breadthauer v. Lundstrom*,
   No. 4:10CV3132, 2012 WL 4904422 (D. Neb. Oct. 12, 2012) .................................. 9

*Brooks v. GAF Materials Corp.*,
   284 F.R.D. 352 (D.S.C. 2012) .................................................................................. 6

*Broussard v. Meineke Discount Muffler Shops, Inc.*,
   155 F.3d 331 (4th Cir. 1998) .................................................................................. 11

*Brown v. Nucor Corp.*,
   576 F.3d 149 (4th Cir. 2009) .................................................................................... 9

*Brown v. Nucor Corp.*,
   785 F.3d 895 (4th Cir. 2015) .................................................................................... 7

*Caufield v. Colgate-Palmolive Co.*,
   No. 16-cv-4170, 2017 WL 3206339 (S.D.N.Y. July 27, 2017) ............................... 13

*City of Ann Arbor Employers' Ret. Sys. v. Sonoco Prods. Co.*,
   270 F.R.D. 247 (D.S.C. 2010) .............................................................................. 8, 9

*Dameron v. Sinai Hosp. of Baltimore, Inc.*,
   595 F. Supp. 1404 (D. Md. 1984) ............................................................................ 8

*DiFelice v. U.S. Airways, Inc.*,
   235 F.R.D. 70 (E.D. Va. 2006) ................................................................... 10, 11, 15

*Doughlin v. GreatBanc Trust Co.*,
   115 F. Supp. 3d 404 (S.D.N.Y. 2015) .................................................................... 15

*Gen. Tel. Co. of the SW v. Falcon*,
   457 U.S. 147 (1982) ................................................................................................. 6

*George v. Duke Energy Ret. Cash Balance Plan*,
   259 F.R.D. 225 (D.S.C. 2009) .............................................................................. 8, 9

*Guiragoss v. Khoury*,
   444 F. Supp. 2d 649 (E.D. Va. 2006) ....................................................................... 2

*In re A.H. Robins Co., Inc.*,
   880 F.2d 709 (4th Cir. 1989) ........................................................................ 7, 17

*In re Citigroup Pension Plan ERISA Litig.*,
   241 F.R.D. 172 (S.D.N.Y. 2006) ....................................................................... 14

*In re Global Crossing Sec. & ERISA Litig.*,
   225 F.R.D. 436 (S.D.N.Y. 2004) ....................................................................... 13

*In re Ikon Office Solutions, Inc.*,
   191 F.R.D. 457 (E.D. Pa. 2000) ....................................................................... 15

*In re Kirschner Med. Corp. Sec. Litig.*,
   139 F.R.D. 74 (D. Md. 1991) ......................................................................... 11

*In re Mut. Funds Inv. Litig.*,
   529 F.3d 207 (4th Cir. 2008) .......................................................................... 7

*Knight v. Lavine*,
   No. 1:12-CV-611, 2013 WL 427880 (E.D. Va. Feb. 4, 2013) ......................................... 9, 11, 14

*Lienhart v. Dryvit Sys., Inc.*,
   255 F.3d 138 (4th Cir. 2001) ......................................................................... 17

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999) ................................................................................. 14

*Pender v. Bank of Am. Corp.*,
   269 F.R.D. 589 (W.D.N.C. 2010) ...................................................................... 10

*Savani v. Wash. Safety Mgmt. Solutions, LLC*,
   No. 1:06-CV-02805-MBS, 2012 WL 3757239 (D.S.C. Aug. 28, 2012) ................................... 16

*Simpson v. Specialty Retail Concepts*,
   149 F.R.D. 94 (M.D.N.C. 1993) ....................................................................... 11

*Sims v. BB&T Corp.*,
   No. 1:15-CV-732, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017) ................................... *passim*

*Smith v. Aon Corp.*,
   238 F.R.D. 609 (N.D. Ill. 2006) ...................................................................... 15

*Stillmock v. Weis Markets, Inc.*,
   385 Fed. App'x 267 (4th Cir. 2010) ................................................................... 16

*Tatum v. R.J. Reynolds Tobacco Co.*,
   254 F.R.D. 59 (M.D.N.C. 2008) ...................................................................... 10, 13

*Taylor v. ANB Bancshares, Inc.*,
   No. 08-5170, 2010 WL 4627841 (W.D. Ark. Oct. 18, 2010) .............................................. 14

*Taylor v. ANB Bancshares, Inc.*,
   No. 08-CV-5170, 2010 WL 4627672 (W.D. Ark. Nov. 4, 2010) ........................................... 14

*West v. Cont'l Auto., Inc.*,
   No. 3:16-cv-502-FDW-DSC, 2017 WL 2470633 (W.D.N.C. June 7, 2017) ................................. 10

*Windham v. Am. Brands, Inc.*,
    565 F.2d 59 (4th Cir. 1977) ................................................................................. 17

### STATUTES

29 U.S.C. § 1001 .................................................................................................................. 5

29 U.S.C. § 1053(a)(2)(B) ............................................................................................. 4, 5

29 U.S.C. § 1132(a)(2) ....................................................................................................... 6

29 U.S.C. § 1132(a)(3) ................................................................................................. 6, 10

ERISA § 203(a)(2)(B) ................................................................................................... 4, 5

ERISA § 404 ......................................................................................................................... 6

ERISA § 502(a)(2) ............................................................................................................... 6

ERISA § 502(a)(3) ............................................................................................................... 6

FED. R. CIV. P. 23(b)(1)(A) & (B) ................................................................................ 13

FED. R. CIV. P. 23(b)(3) .................................................................................................. 16

FED. R. CIV. P. 23(g)(1) .................................................................................................. 18

### OTHER AUTHORITIES

Manual for Complex Litigation § 21.222 (4th ed. 2004) ..................................... 17, 18

Plaintiff Robert F. Berry ("Plaintiff") respectfully submits this memorandum of law in support of his Motion for Class Certification. Plaintiff requests entry of an Order pursuant to Rule 23 of the Federal Rules of Civil Procedure (1) certifying this action as a class action; (2) appointing Plaintiff as Class Representative; and (3) appointing Plaintiffs' counsel—Ajamie LLP, Motley Rice LLC, and Izard, Kindall & Raabe, LLP—as Class Counsel.

## I.     FACTUAL BACKGROUND

Plaintiff Robert Berry worked as a financial advisor for Wells Fargo Clearing Services, LLC f/k/a Wells Fargo Advisors, LLC ("WFA") and its predecessors from 1994 until 2014.[1]  *See* Am. Compl. (ECF No. 22) at ¶ 4.  From 2005 to 2014, he was a participant in the Wells Fargo Advisors, LLC Performance Award Contribution and Deferral Plan (the "Deferral Plan").  *See* Am. Compl. at ¶ 17.  The Deferral Plan allows WFA financial advisors to "plan for their financial futures."  *See* Ex. A[2] (2012 PCG Compensation Plan at p. 14 of 30); *see also* Ex. B (Citro Tr. at p. 68) (CONFIDENTIAL); Ex. C (Swiezynski Tr. at p. 18) (CONFIDENTIAL).  Accordingly, the Deferral Plan provides retirement benefits to WFA's financial advisors. (*See also* Am. Compl. at ¶¶ 32-33.)

Defendants classify the Deferral Plan as a "top hat" plan available for "a select group of management and other highly compensated employees . . . ."  *See* Ex. D (2014 Plan Document at § 1.02); Am. Compl. at ¶ 34.  But ███████████████████████████████████████

---

[1] Plaintiff also filed a state-court action against Wells Fargo Clearing Services, LLC, f/k/a Wells Fargo Advisors, LLC, Wachovia Securities Financial Holdings, LLC, Wells Fargo & Company, Wells Fargo Bank, N.A., and one of their employees, Scott A. Spang, related to Plaintiff's departure from Wells Fargo. That lawsuit does not implicate the ERISA claims in this case.  *See Berry v. Spang, et al.*, Civil Action No. 2017-CP-32-00397, in the Court of Common Pleas for the Eleventh Judicial Circuit, Lexington County, South Carolina.

[2] "Ex. __" refers to exhibits to the Declaration of William S. Norton in Support of Plaintiff's Motion for Class Certification, filed herewith.

███████████████████████████████, are eligible to participate in the Deferral Plan.  *See* Ex. E (Defs' Feb. 16 Letter) (CONFIDENTIAL) and Ex. F (Defs' Supp. Resp. to First Set of Rogs.)  At the end of 2016, of WFA's █████ employees, █████ ███████████ were participants ███████████.  *See* Ex. E (Defs' Feb. 16 Letter (CONFIDENTIAL)) and Ex. F (Defs' Supp. Resp. to First Set of Rogs).  Thus, Wells Fargo & Company considers █████ of WFA's total workforce to be part of a "select group"—a conclusion Plaintiff challenges in this lawsuit. *See generally* Am. Compl.; *see also Guiragoss v. Khoury*, 444 F. Supp. 2d 649, 660 (E.D. Va. 2006) ("A review of the published cases reflects that there is no existing authority that affirms top hat status for a plan representing more than 16% of the total workforce").

████████████████████████████████████████████

██████████████████████████[3] ████████████████████████████████

███████████████████████████████  *See* Ex. A (2012 PCG Compensation Plan at pp. 14-15) (CONFIDENTIAL); *see also* Ex. G (2012 WBS Compensation Plan at pp. 8-9) (CONFIDENTIAL).  Financial advisors can earn two types of deferred compensation under the Deferral Plan: performance awards and special awards.  ████████████████████████ ██████████████████████████████████████████████████  *See, e.g.*, Ex. A (2012 PCG Compensation Plan at p. 14) (CONFIDENTIAL); *see also* Ex. H (2015 PCG Compensation Plan at p. 8 of 28) (CONFIDENTIAL).  WFA grants "special awards" in order to recruit financial advisors to join WFA.  *See* Ex. D (2014 Deferral Plan Document at § 5.03); *see also* Ex. B (Citro Tr. at p. 132) (CONFIDENTIAL).

---

[3] ███████████████████████████████████████████

*See* Ex. B (Citro Tr. at pp. 23-24, 26) (CONFIDENTIAL).



*See* Ex. B (Citro Tr. at pp. 64, 73-74) (CONFIDENTIAL); Ex. C (Swiezynski Tr. at pp. 80-81) (CONFIDENTIAL).

the Wells Fargo, LLC Performance Award Contribution Plan (the "Contribution Plan"). *See* Ex. B (Citro Tr. at p. 64) (CONFIDENTIAL); Ex. C (Swiezynski Tr. at pp. 80-81) (CONFIDENTIAL).

*See* Ex. C (Swiezynski Tr. at p. 81) (CONFIDENTIAL) ("

").

*Id.*

All Deferral Plan participants are subject to the terms of the Deferral Plan Document. *See, e.g.*, Ex. D (2014 Deferral Plan Document generally). This is true regardless of whether the participant works in WBS or PCG, the criteria they met to earn their awards, the amounts of their awards, or whether the award is a performance award or a special award. *See, e.g.*, Ex. D (2014 Deferral Plan Document generally); *see also* Ex. B (Citro Tr. at pp. 181, 184-87, 208) (CONFIDENTIAL); Ex. C (Swiezynski Tr. at p. 21, 53) (CONFIDENTIAL).

WFA creates an account for each participant for each award in the Deferral Plan. *See* Ex. D (2014 Deferral Plan Document at § 5.01). Each award has a vesting schedule that starts when the award is granted and is ***not*** based on how many years the participant has worked for WFA. *See* Ex. D (2014 Deferral Plan Document at §§ 5.01, 5.02). Each account has either a cliff vesting formula (i.e., vests at all once) or on an installment schedule. *See* Ex. D (2014 Deferral Plan

Document at §§ 5.02(A) and (B)). For example, Plaintiff received an award in 2007 that vested in equal installments in 2013, 2014, and 2015, while Plaintiff's 2008 award had a cliff vesting schedule and vested all at once in 2015. *See* Ex. I (Berry's Rog. Resp. at Rog. 6); *see also* Ex. J (Berry Tr. at p. 62). Plaintiff alleges that the Deferral Plan's vesting provisions violate ERISA § 203(a)(2)(B), 29 U.S.C. § 1053(a)(2)(B). *See* Am. Compl. at ¶¶ 46-48.

Section 5.05 of the Deferral Plan contains a "Forfeiture Clause" under which participants forfeit the unvested portions of their accounts when they leave WFA. *See* Ex. D (2014 Deferral Plan Document at § 5.05); Am. Compl. at ¶ 44. There are exceptions if the participant: (a) dies; (b) is laid off; or (c) is at least 50 years old, has worked for WFA for at least three years, and agrees not to work in any capacity for a bank, investment advisor, mutual fund, insurance company, or financial planner for three years. *Id*.; *see also id.* at §§ 3.15, 3.24, and 3.29.

In 2014, when he was 62-years old and had worked for WFA for 20 years, Plaintiff left WFA and later began working as a financial advisor for another company. *See* Am. Compl. at ¶ 5. ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ *See* Ex. C (Swiezynski Tr. at pp. 104-05) (CONFIDENTIAL); Ex. K, Forfeiture Report, BERRY000001 (CONFIDENTIAL) (showing nearly $200,000 of deferred compensation was forfeited on "2/3/2014"). As a result of the Forfeiture Clause, Plaintiff lost nearly $200,000. *See* Ex. K, Forfeiture Report, BERRY000001 (CONFIDENTIAL); *see also* Ex. C (Swiezynski Tr. at pp. 104-05 (CONFIDENTIAL)).

Plaintiff was one of ████ Deferral Plan participants whose deferred compensation was forfeited under the Forfeiture Clause between 2011 and 2016. *See* Ex. F (Defs' Supp. Resp. to First Set of Rogs). Of these individuals, ██████████████████████████████ under ERISA's vesting and anti-forfeiture rules and therefore should have retained at least some of the

forfeited amounts under ERISA's vesting rules. *See* Ex. L (Def's Supp. Resp. to Second Set of Rogs); *see also* ERISA § 203(a)(2)(B), 29 U.S.C. § 1053(a)(2)(B). More than ████████ in deferred compensation was lost under the Forfeiture Clause between 2011 and 2016. *See* Ex. E (Defs' Feb. 16 Letter) (CONFIDENTIAL).

There were ████ participants in the Deferral Plan at the end of 2016. *See* Ex. F (Defs' Supp. Resp. to First Set of ROGS). "████████████████████████████████████████████ ████████████████████████████████████████ *See* Ex. F (Defs' Supp. Resp. to First Set of ROGS).

## II.    PROCEDURAL BACKGROUND

Plaintiff filed this class action to require Defendant Wells Fargo & Company and its above-captioned affiliates (collectively, "Wells Fargo" or "Defendants") to recover deferred compensation owed to Plaintiff and other current and former WFA employees that was improperly deemed forfeited in violation of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff filed his initial complaint (ECF No. 1) on February 1, 2017, and his First Amended Class Action Complaint (the "Complaint") (ECF No. 22) on May 1, 2017. Wells Fargo filed its Answer and Motion to Dismiss in Part on May 22, 2017. ECF Nos. 25-26.

Plaintiff originally sought to pursue claims on behalf of participants in the Deferral Plan and the Contribution Plan. Wells Fargo moved to dismiss Plaintiff's claims related to the Contribution Plan.

On July 31, 2017, the Court granted Wells Fargo's motion to dismiss in part, and concluded that Plaintiff does not have standing to pursue claims under the Contribution Plan because he was not a participant in that plan and had suffered no injury related to that plan. ECF No. 47 at 8. The Court also dismissed Plaintiff's claim that Wells Fargo violated ERISA's reporting and disclosure

provisions (Count III) for lack of standing because Plaintiff failed to allege that he suffered an injury from being denied information. *Id.* at 13.

## III.    PLAINTIFF'S CLAIMS

Plaintiff seeks class certification for the following claims:

**Count I (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)).**  Plaintiff seeks declaratory relief that the Deferral Plan is not a "top hat" plan, that the Deferral Plan is subject to ERISA's vesting and anti-forfeiture requirements, and that the Forfeiture Clause in the Deferral Plan is invalid and unenforceable under ERISA.  Plaintiff also seeks a permanent injunction directing all Defendants to bring the Deferral Plan into compliance with ERISA, remedy all past violations of ERISA, remedy all past enforcement of the Forfeiture Clause in the Deferral Plan, including by reversing all past forfeitures of performance awards and special awards, and refrain from enforcing the Forfeiture Clause in the future.  *See* Am. Compl. at ¶¶ 64-69.

**Count IV (ERISA §§ 502(a)(2) & (a)(3), 29 U.S.C. §§ 1132(a)(2) & (a)(3)).**  Plaintiff seeks damages on behalf of the Deferral Plan from the Plan Fiduciary Defendants (as defined in Am. Compl. at ¶¶ 8-9) for breach of fiduciary duty under ERISA § 404, 29 U.S.C. § 1104, by invoking the Forfeiture Clause and to enjoin the Fiduciary Defendants from continuing to violate their fiduciary duties.  *See* Am. Compl. at ¶¶ 85-94.

## IV.    THE PROPOSED DEFINITIONS OF THE CLASS

Plaintiff moves to certify the following Class[4]:

> All participants in the Wells Fargo Advisors Performance Award
> Contribution and Deferral Plan (the "Deferral Plan") since February
> 1, 2011, who earned deferred compensation under the Deferral Plan

---

[4] The Class is narrower than the class alleged in the Complaint (*see* ¶ 54) to comply with the Court's July 31, 2017 Order (ECF No. 47).  It is within the Court's discretion to adopt this modified definition. *See, e.g.*, *Brooks v. GAF Materials Corp.*, 284 F.R.D. 352, 360 (D.S.C. 2012) ("A district court has broad discretion in determining whether to modify . . . a class.") (citing *Gen. Tel. Co. of the SW v. Falcon*, 457 U.S. 147, 160 (1982).

and were denied compensation under the Deferral Plan's Forfeiture
Clause (§ 5.05).[5]

The Class primarily seeks to recover the amounts wrongfully taken by Defendants under the

Forfeiture Clause.

## V.    ARGUMENT

### A.    Legal Standards for Class Certification

To certify a class action under Rule 23, plaintiffs must first satisfy the four requirements

of Rule 23(a) (numerosity, commonality, typicality, and adequacy) and then demonstrate that the

case is "maintainable" under one of the three prongs of Rule 23(b).  *Amchem Prods., Inc. v.*

*Windsor*, 521 U.S. 591, 614 (1997); *In re A.H. Robins Co., Inc.*, 880 F.2d 709, 727-28 (4th Cir.

1989).  Courts also read into Rule 23 two implied requirements for class certification: that there

be "an identifiable class and that the plaintiff or plaintiffs be a member of such class."  *In re A.H.*

*Robins*, 880 F.2d at 728.

Courts require plaintiffs to establish by a preponderance of the evidence that the action

complies with each part of Rule 23.  *Brown v. Nucor Corp.*, 785 F.3d 895, 931 (4th Cir. 2015).  In

a class-certification motion, "[m]erits questions may be considered to the extent—but only to the

extent—that they are relevant to determining whether the Rule 23 prerequisites for class

certification are satisfied."  *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466

(2013).

As discussed below, this case meets all of Rule 23's requirements for class certification.

Certification of the proposed Class would promote efficient use of the Court to resolve common

---

[5] Former employees who withdraw all of their retirement savings from a plan or otherwise
close their plan accounts, as a matter of law, are still a "participants" if they have colorable claim
to benefits under the plan.  *See, e.g.*, *In re Mut. Funds Inv. Litig.*, 529 F.3d 207, 216 (4th Cir. 2008).
Class members who seek to recover benefits wrongfully taken under the Forfeiture Clause seek
precisely this type of remedy.

issues involving the application of ERISA and its vesting, non-forfeiture, and funding provisions to the Deferral Plan that affect thousands of Class members.

**B.    The Requirements of Rule 23(a) Are Satisfied**

Rule 23(a) provides that a case can be certified as a class action when: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  These prerequisites are often referred to as "numerosity, typicality, commonality, and adequacy of representation."  *City of Ann Arbor Employers' Ret. Sys. v. Sonoco Prods. Co.*, 270 F.R.D. 247, 250 (D.S.C. 2010).  As described below, Plaintiff satisfies each of these elements.

**1.    The Members of the Proposed Class Are so Numerous that Joinder is Impracticable**

Rule 23(a)(1) requires a finding that the putative class is so numerous that joinder of all members is "impracticable."  *George v. Duke Energy Ret. Cash Balance Plan*, 259 F.R.D. 225, 231 (D.S.C. 2009).  While no specific number of class members is necessary, "[g]enerally, classes consisting of forty or more members are considered sufficiently large to satisfy the impracticability requirement."  *Am. Sales Co., LLC v. Pfizer, Inc.*, No. 2:14cv361, 2017 WL 3669604, at *6 (E.D. Va. July 28, 2017).  A class "consisting of as few as 25 to 30 members raises the presumption that joinder would be impractical."  *Dameron v. Sinai Hosp. of Balt., Inc.*, 595 F. Supp. 1404, 1408 (D. Md. 1984).

The Class satisfies the numerosity requirement.  More than ███ individuals lost deferred compensation under the Forfeiture Clause ███████ and are therefore members of the Class.  *See* Ex. F (Defs' Supp. Resp. to First Set of ROGs) (stating the number of individuals who lost money

under the Forfeiture Clause ███████ ).  Because joinder of each of these individuals would be impracticable, the numerosity requirement is satisfied.  *Sonoco Prods. Co.*, 270 F.R.D. at 251.

### 2.     Questions of Law and Fact Are Common to the Proposed Class

Rule 23(a)(2) "requires that there are questions of law or fact common to the class."  *Duke Energy*, 259 F.R.D. at 231.  The resolution of these common questions must "affect all or a substantial number of the class members."  *Brown v. Nucor Corp.*, 576 F.3d 149, 153 (4th Cir. 2009) (internal quotation marks and citations omitted).  "Commonality does not require that all, or even most issues be common and even a single common question will do."  *Sims v. BB&T Corp.*, No. 1:15-CV-732, 2017 WL 3730552, at *2 (M.D.N.C. Aug. 28, 2017) (internal quotations omitted).

Rule 23's commonality requirement is typically satisfied in ERISA cases because a class of participants in the same benefit plan may assert identical legal claims arising from the same common nucleus of operative facts.  "The representative nature of (an ERISA) § 502(a)(2) suit makes it almost tautological that the named plaintiff's claim is typical of the rest of the class."  *Knight v. Lavine*, No. 1:12-CV-611, 2013 WL 427880, at *3 (E.D. Va. Feb. 4, 2013); *see also Breadthauer v. Lundstrom*, No. 4:10CV3132, 2012 WL 4904422, at *2 (D. Neb. Oct. 12, 2012) ("the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries.").

There are multiple common questions of law and fact in this case, including: (1) whether the Deferral Plan qualifies as a "top hat" plan under ERISA; (2) whether ERISA's vesting, anti-forfeiture, and funding requirements apply to the Deferral Plan; (3) whether the Defendants were fiduciaries of the Deferral Plan under ERISA; (4) whether Defendants kept the "forfeited" amounts from the Deferral Plan accounts of Class Members; and (5) the amount of damages suffered by the Deferral Plan because of Defendants' breaches of fiduciary duty.

Each of these issues applies to the Class.  The Class's claims center on whether the Deferral Plan is a "top hat" plan and the legal consequences of this determination, including whether ERISA's vesting rules apply.  *See* Am. Compl. at Counts One and Four.  Proof on each issue will necessarily apply for the entirety of the Class.  *See*, *e.g.*, *West v. Cont'l Auto., Inc.*, No. 3:16-cv-502-FDW-DSC, 2017 WL 2470633, at *2 (W.D.N.C. June 7, 2017) (commonality met because plaintiffs' claims all arose under ERISA and challenged defendants' improper calculation of their vested service under the plan); *see also Sims*, 2017 WL 3730552, at *2 (certifying class in ERISA case, finding "numerous questions common to the class, including . . . the scope of (defendants') fiduciary duties, whether a breach or breaches of fiduciary duties occurred . . . and how to calculate the Plan's losses.").

That the Class members may have suffered different degrees of injury, or will receive different benefits from a determination that the Deferral Plan is not a "top hat" plan, does not defeat commonality.  *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 78 (E.D. Va. 2006).  The monetary relief Plaintiff seeks is on behalf of the Deferral Plan and will be allocated to each participant's account(s).  *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 66 (M.D.N.C. 2008).  Courts routinely certify classes of ERISA plan participants even when each participant's individual damages must be calculated.  *See Sims*, 2017 WL 3730552, at *4; *see also Pender v. Bank of Am. Corp.*, 269 F.R.D. 589, 596 (W.D.N.C. 2010) (certifying class despite the "necessity for . . . somewhat complex individual calculation" in order to determine class members' pensions).

### 3.    Plaintiff's Claims Are Typical of Those of the Proposed Class

Rule 23(a)(3) requires that claims or defenses of the named class representative be "typical of the claims or defenses of the class."  FED. R. CIV. P. 23(a)(3).  Typicality is generally met if a plaintiff's claim "arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory."  *Simpson v. Specialty Retail Concepts*,

-10-

149 F.R.D. 94, 99 (M.D.N.C. 1993); *see also DiFelice*, 235 F.R.D. at 78-79 (" [A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members.") (internal quotation marks omitted).

Typicality does not require that the claims be "identical" in all respects. *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 344 (4th Cir. 1998). Rather, typicality "is satisfied even though varying fact patterns support the claims or defenses of individual class members or there is a disparity in the damages claimed by the named parties and the other members of the class." *In re Kirschner Med. Corp. Sec. Litig.*, 139 F.R.D. 74, 79 (D. Md. 1991). A key inquiry "is whether 'the interests of the class members will be fairly and adequately protected in their absence.'" *Sims*, 2017 WL 3730552, at *4 (quoting *Broussard*, 155 F.3d at 337).

Here, Plaintiff's claims are typical of the Class because they arise out of the same conduct and are premised on the same legal theory. The Class's claims center on whether the Deferral Plan is a "top hat" plan, and are brought under ERISA § 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3). The common conduct and theories exist irrespective of why the Forfeiture Clause was invoked for any member of the Class. Plaintiff's claims seek to remedy the harm suffered by the Deferral Plan through ERISA. Accordingly, Rule 23(a)(3)'s typicality requirement is met. *Knight*, 2013 WL 427880, at *3 (typicality met in ERISA case because the claims sought to remedy the "harm to the plan").

### 4.    Plaintiff Will Fairly and Adequately Protect the Interests of the Proposed Class and Should Be Appointed Class Representative

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class," meaning that a plaintiff must have the same interests and suffer the same injury as the class. *See Amchem Prods.*, 521 U.S. at 625-26. The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent" as well

as the "competency and conflicts of class counsel." *Id*. at 625, 626 n.20; *Sims*, 2017 WL 3730552, at *5.

Plaintiff has proven himself to be an adequate representative of the Class through his commitment to this litigation. He has received status updates, reviewed drafts of pleadings, participated in strategic decisions, produced documents, answered interrogatories, prepared for and appeared at a deposition, and otherwise actively participated in the case. *See* Ex. J (Berry Tr. at 19 (prepared for deposition), 57-58 (searched for documents to produce), 88-89 (assisted in drafting complaint), 105-106 (answered interrogatories)). These efforts support his adequacy as a representative of the Class. *See, e.g.*, *Beaulieu v. EQ Indus. Serv., Inc.*, No. 5:06-CV-00400-BR, 2009 WL 2208131, at *16 (E.D.N.C. July 22, 2009) (adequacy established when plaintiffs had answered interrogatories, appeared for depositions, submitted affidavits, and met with counsel).

There are also no conflicts between Plaintiff and the members of the Class. Plaintiff and the members of the Class have all been injured in the same way—by Wells Fargo invoking the invalid Forfeiture Clause—and have the same interest in recovering the amounts they lost in their Deferral Plan accounts.

Plaintiff has also retained qualified counsel to prosecute this case. Proposed Class Counsel prepared a detailed Complaint (ECF No. 1) and a First Amended Complaint (ECF No. 22), and successfully opposed portions of Defendants' motion to dismiss (ECF Nos. 26 (motion to dismiss), 30 (Plaintiff's Opposition), and 47 (Order denying in part motion to dismiss)). Further, Plaintiff's counsel have achieved significant recoveries in ERISA and other class actions in other cases. *See* Exs. M, N, O (Firm Résumés for Motley Rice LLC, Ajamie LLP, and Izard, Kindall & Raabe, LLP).

### C.     The Proposed Class Meets the Requirements of Rule 23(b).

In addition to meeting Rule 23(a)'s criteria, a case must satisfy one of Rule 23(b)'s requirements for a class to be certified.  As described below, this case meets the requirements of Rules 23(b)(1)(A), (b)(1)(B), and (b)(3).  The Class should be certified under Rule 23(b)(1), or alternatively, under Rule 23(b)(3).

### 1.     The Class Should Be Certified Under Rule 23(b)(1)

"ERISA [fiduciary] litigation . . . presents a paradigmatic example of a [Rule 23](b)(1) class." *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) (internal quotation marks omitted); *see also Caufield v. Colgate-Palmolive Co.*, No. 16-cv-4170, 2017 WL 3206339, at *6 (S.D.N.Y. July 27, 2017) ("Most ERISA class action cases are certified under Rule 23(b)(1).").

A class may be certified under Rule 23(b)(1)(A) if separate actions "would create a risk of inconsistent or varying adjudications . . . that would establish incompatible standards of conduct" for the defendant *or* under 23(b)(1)(B) if separate actions would create a risk that individual actions would be "dispositive of the interests of other members not parties to the individual" suits or "would substantially impair or impede their ability to protect their interests."  FED. R. CIV. P. 23(b)(1)(A) & (B).  "Rule 23(b)(1)(A) considers possible prejudice to the defendants, while 23(b)(1)(B) looks to possible prejudice to the putative class members." *Tatum*, 254 F.R.D. at 66. As described below, the Class may be certified under Rule 23(b)(1).

### a.     Certification is proper under (b)(1)(A)

Rule 23(b)(1)(A) applies "in cases where the party is obliged by law to treat the members of the class alike . . . or where the party must treat all alike as a matter of practical necessity." *Amchem Prods.*, 521 U.S. at 614.  This rule applies to ERISA plans because plan administrators "must treat all similarly situated participants in a consistent manner." *Alday v. Raytheon Co.*, 619

F. Supp. 2d 726, 736 (D. Ariz. 2008) (collecting cases). For this reason, courts inside and outside this Circuit have certified classes under Rule 23(b)(1)(A) in cases involving ERISA violations. *See, e.g.*, *In re Citigroup Pension Plan ERISA Litig.*, 241 F.R.D. 172, 180 (S.D.N.Y. 2006); *Taylor v. ANB Bancshares, Inc.*, No. 08-5170, 2010 WL 4627841, at *13 (W.D. Ark. Oct. 18, 2010); *report and recommendation adopted,* No. 08-CV-5170, 2010 WL 4627672 (W.D. Ark. Nov. 4, 2010); *Knight*, 2013 WL 427880, at *4; *Sims*, 2017 WL 3730552, at *2 (certifying class under Rule 23(b)(1)(A) "because of the risk of varying adjudications.").

The risk of inconsistent adjudications is clear. This case's central issue is whether the Deferral Plan qualifies as a "top hat" plan and, thus must comply with ERISA's vesting, anti-forfeiture, and funding provisions. *See* Am. Compl. at ¶¶ 34, 46-48. Separate lawsuits over these issues could result in different outcomes, making it impossible for the Deferral Plan's administrator to treat similarly situated participants alike as required by ERISA. *See, e.g.*, *Knight*, 2013 WL 427880, at *4 (certifying class under (b)(1)(A) because the defendant risked facing "incompatible standards of conduct"). Accordingly, the Court should certify the Class under Rule 23(b)(1)(A).

### b.     Certification is proper under (b)(1)(B)

Certification is also appropriate under Rule 23(b)(1)(B). One of the "classic examples" identified by the Supreme Court as appropriate for certification under Rule 23(b)(1)(B) is an action "charging a breach of trust by a . . . fiduciary similarly affecting the members of a large class of beneficiaries, requiring an accounting or similar procedure to restore the subject of the trust." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833-34 (1999) (citing 1966 Advisory Committee Note to Rule 23) (quotations omitted).

Claims for breach of fiduciary duty, like Plaintiff's Count Four, must be brought in a representative capacity under ERISA § 502(a)(2) and seek recovery on behalf of the plan.

-14-

*DiFelice*, 235 F.R.D. at 80.  Thus, courts recognize that ERISA breach-of-fiduciary-duty claims "present an especially appropriate instance for" certification under Rule 23(b)(1)(B).  *Id.*  As one court explained:

> [G]iven the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief . . . .  There is also risk of inconsistent dispositions that would prejudice the defendants: contradictory rulings as to whether [defendant] had itself acted as a fiduciary, whether the individual defendants had, in this context, acted as fiduciaries, or whether the alleged misrepresentations were material would create difficulties in implementing such decisions.

*In re Ikon Office Sols., Inc.,* 191 F.R.D. 457, 466 (E.D. Pa. 2000) (internal citations omitted).

This case is no different.  Plaintiff seeks plan-wide relief—a declaration that the Deferral Plan is not a "top hat" plan and is governed by ERISA's vesting and anti-forfeiture rules, and an order that the Deferral Plan comply with ERISA and remedy past ERISA violations.  *See* Am. Compl. at ¶¶ 67-68, 85-94.  This relief will apply to the Deferral Plan as a whole and affect all members of the Class.  Any monetary relief under ERISA § 502(a)(2) will be paid to the Deferral Plan and then allocated to individual participants' accounts.  *See, e.g.*, *Doughlin v. GreatBanc Tr. Co.*, 115 F. Supp. 3d 404, 412 (S.D.N.Y. 2015); *see also Smith v. Aon Corp.*, 238 F.R.D. 609, 618 (N.D. Ill. 2006) ("Monetary relief in a plan-wide action brought under ERISA Section 502 is incidental, and flows from relief to the plan.").  The resolution of these issues affects *all* participants in the Deferral Plan, making certification under Rule 23(b)(1)(B) appropriate.  *See DiFelice*, 235 F.R.D. at 80.

## 2.    In the Alternative, the Class May Be Certified under Rule 23(b)(3)

If the Court determines that certification is proper under Rule 23(b)(1), the Court need not consider whether a class could also be certified under Rule 23(b)(3).  *See, e.g., Savani v. Wash. Safety Mgmt. Sols., LLC,* No. 1:06-CV-02805-MBS, 2012 WL 3757239, at *5 (D.S.C. Aug. 28,

2012) ("If a class action is maintainable under section (b)(1) and also under (b)(3), a court should certify the action under (b)(1) so that the judgment will have res judicata effect as to all the class."). But, if the Court determines that certification under Rule 23(b)(1) is not appropriate, the Court should certify a class under Rule 23(b)(3).

Class certification under Rule 23(b)(3) requires satisfaction of the predominance and superiority criteria. *See* FED. R. CIV. P. 23(b)(3) ("[T]he court [must find] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy"). The Class meets both criteria.

Rule 23(b)(3)'s predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 594. "Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." *Stillmock v. Weis Markets, Inc.*, 385 Fed. App'x 267, 273 (4th Cir. 2010) (internal citations omitted).

The common questions of whether the Deferral Plan is a "top hat" plan and whether the Forfeiture Clause is valid under ERISA affect the ability of all members of the Class to obtain relief and predominate over any individualized questions that may exist, such as the amount of damages they may receive. Each class member's individual damages are not "especially complex or burdensome" to over-shadow the key issue of the Deferral Plan's legal status. *Stillmock*, 385 Fed. App'x at 273; *see also* Ex. C (Swieznski Tr. at pp. 108-09) (WFA can prepare reports showing the amount forfeited for each person who lost deferred compensation due to the Forfeiture Clause). And each member of the Class was harmed in exactly the same way: when they left WFA and

-16-

began working for a competitor the assets in their Deferral Plan accounts were "forfeited" by Defendants.

Rule 23(b)(3)'s superiority requirement is also met. Superiority "requires that a class action be superior to other methods for the fair and efficient adjudication of the controversy." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 147 (4th Cir. 2001). This is the only case to challenge whether the Deferral Plan is a "top hat" plan under ERISA. *See* Ex. F (Defs' Supp. Resp. to ROGs). Prior cases against Defendants involved whether the Forfeiture Clause violated California and North Dakota law (*Wakefield, et al. v. Wells Fargo & Co. et al.*, No. 3:13-cv-05053 (N.D. Cal.)) or involved the Contribution Plan (*Connell*, *et al. v. Wells Fargo & Co. et al.*, No. H-15-2841 (S.D. Tex.)).

It is also desirable to adjudicate the Deferral Plan's legal status in one forum, as ███████ ████████████████████████████████████████████ *See, e.g.*, Ex. B (Citro Tr. at p. 26) (CONFIDENTIAL). The ██████ members of the Class are not unmanageable given the common issues and mechanical nature of determining each class member's damages. *Windham v. Am. Brands, Inc.*, 565 F.2d 59, 65 (4th Cir. 1977); *see also* Ex. B (Citro Tr. at pp. 86-87) (CONFIDENTIAL) (█████████████████████████████████████████████ ████████████████████████████████████████). Defendants can calculate the amount each other member of the Class lost due to the Forfeiture Clause, just as they were able to do with respect to Plaintiff. *See* Ex. C (Swiezynski Tr. at pp. 108-09).

### D.    The Implied Requirements of Rule 23 Are Satisfied

This case satisfies Rule 23's implied requirements. *See In re A.H. Robins*, 880 F.2d at 727-28. The proposed Class is precisely defined, objective, and readily ascertainable. *See* Manual for Complex Litigation § 21.222 (4th ed. 2004). Moreover, as Defendants' discovery responses

confirm (*see supra* Section IV.A.), the members of the Class are ascertainable from Defendants' records.  *See* Ex. F (Defs' Supp. Resp. to First Set of ROGs).

Plaintiff is also a member of the Class because Plaintiff lost his deferred compensation in the Deferral Plan due to the Forfeiture Clause.  *See* Am. Compl. at ¶ 51.

### E.     Plaintiff's Counsel Should Be Appointed Class Counsel Under Rule 23(g)

Rule 23(g) provides that "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel."  FED. R. CIV. P. 23(g)(1).  "In appointing class counsel," courts "must consider:

> (i)     the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)   counsel's knowledge of the applicable law; and
>
> (iv)    the resources that counsel will commit to representing the class; . . . .

*Id.*  Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . ."  *Id.*

Plaintiff respectfully submits that the law firms of Ajamie LLP, Motley Rice LLC, and Izard, Kindall & Raabe, LLP meet the criteria to be appointed as Class Counsel under Rule 23(g). They have identified the claims alleged in the Complaint to protect the members of the Class and have diligently prosecuted these claims throughout this case.  *See*, *e.g.*, ECF Nos. 1 (Original Complaint), 22 (Amended Complaint), and 29 (Opp. to Mot. to Dismiss); *see also supra* Section IV.B.4.  Plaintiff's counsel, individually and together, have ample class action and ERISA experience and have demonstrated their commitment to representing the Class.  *See* Exs. M-O. Plaintiff respectfully asks that they be appointed as Class Counsel under Rule 23(g).

## CONCLUSION

In this case, the Court is asked to decide whether the Deferral Plan is a "top hat" plan under ERISA and whether ERISA's vesting, anti-forfeiture, and funding requirements apply to the Deferral Plan. These issues apply to all the members of the Class, making this case well-suited for certification as a class action under Rule 23. For these reasons, Plaintiff asks that the Court certify this action as a class action under Rule 23(b)(1)(A), 23(b)(1)(B), or 23(b)(3); appoint Plaintiff as Class Representative; and appoint Ajamie LLP, Motley Rice LLC, and Izard, Kindall & Raabe, LLP as Class Counsel under Rule 23(g).

DATED: March 1, 2018                    Respectfully submitted,


By:    */s/ William S. Norton*
        William S. Norton (D.S.C 11343)
        Erin C. Williams (D.S.C. 12282)
        MOTLEY RICE LLC
        28 Bridgeside Boulevard
        Mount Pleasant, SC  29464
        Telephone:  (843) 216-9000
        Facsimile:   (843) 216-9450
        bnorton@motleyrice.com
        ecwilliams@motleyrice.com

        William H. Narwold (D.S.C 73977)
        Mathew P. Jasinski (admitted *pro hac vice*)
        MOTLEY RICE LLC
        27 Church Street, 17th Floor
        Hartford, CT  06103
        Telephone:  (860) 882-1681
        Facsimile:   (860) 882-1682
        bnarwold@motleyrice.com
        mjasinski@motleyrice.com

        Thomas R. Ajamie (admitted *pro hac vice*)
        David S. Siegel (admitted *pro hac vice*)
        John S. Edwards, Jr. (admitted *pro hac vice*)
        AJAMIE LLP
        Pennzoil Place - South Tower
        711 Louisiana, Suite 2150

Houston, TX  77002
Telephone:  (713) 860-1600
Facsimile:   (713) 860-1699
tajamie@ajamie.com
dsiegel@ajamie.com
jedwards@ajamie.com

Mark P. Kindall (admitted *pro hac vice*)
Douglas P. Needham (admitted *pro hac vice*)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, Connecticut 06107
Telephone: 860-493-6292
mkindall@ikrlaw.com
dneedham@ikrlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on March 1, 2018, I electronically filed **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** through this Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.


*/s/ William S. Norton*
William S. Norton