IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ROBERT BERRY, INDIVIDUALLY | § | |
| AND ON  BEHALF OF ALL OTHERS | § | |
| SIMILARLY SITUATED, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:17-cv-00304-JFA |
| | § | |
| VS. | § | |
| | § | |
| WELLS FARGO & COMPANY, | § | |
| WELLS FARGO CLEARING | § | |
| SERVICES, LLC, and WELLS FARGO | § | |
| ADVISORS FINANCIAL NETWORK, | § | |
| LLC, and DOES 1 thru 50, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION FOR CLASS CERTIFICATION**

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ...................................................................................................................... 1

I.      PLAINTIFF HAS STANDING TO PURSUE COUNT I. .................................................. 1

II.     THE PROPOSED CLASS DEFINITION IS PROPER ..................................................... 3

III.    CLASS CERTIFICATION IS PROPER UNDER RULE 23. ............................................ 5

      A.    Plaintiff satisfies Rule 23(a)'s requirements. ........................................................ 5

           1.    Commonality. ...................................................................................... 5

                  a.    Defendants' offset argument is irrelevant. ................................. 6

                  b.    Defendants' statute of limitations argument limits their liability; it does not defeat commonality. ....................................... 8

           2.    Typicality. .......................................................................................... 10

           3.    Adequacy. ........................................................................................... 11

      B.    The proposed Class meets Rule 23(b)'s requirements. ........................................ 13

           1.    The Class should be certified under Rule 23(b)(1). ................................. 13

           2.    Alternatively, the Class may be certified under Rule 23(b)(3). ................ 13

CONCLUSION .................................................................................................................. 15

# TABLE OF AUTHORITIES

### CASES

*Alday v. Raytheon Co.*,
  619 F. Supp. 2d 726 (D. Ariz. 2008) ................................................................. 7

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997) .......................................................................................... 14

*Ben-Davies v. Blibaum & Associates*,
  695 F. App'x 674 (4th Cir. 2017) ..................................................................... 11

*Berger v. Xerox Corporation Retirement Income Guarantee Plan*,
  338 F.3d 755 (7th Cir. 2003) .............................................................................. 2

*Bond v. Marriot International, Inc.*,
  296 F.R.D. 403 (D. Md. 2014) ...................................................................... 7, 10

*Broussard v. Meineke Discount Muffler Shops, Inc.*,
  155 F.3d 331 (4th Cir. 1998) .............................................................................. 9

*Browning v. Tiger's Eye Benefits Consulting*,
  313 F. App'x 656 (4th Cir. 2009) ....................................................................... 9

*CIGNA Corporation v. Amara*,
  563 U.S. 421 (2011) ........................................................................................ 1, 2

*Citizens Bank of Maryland v. Strumpf*,
  516 U.S. 16 (1995) .............................................................................................. 6

*Clark v. Duke University*,
  No. 1-16-CV-1044, 2018 WL 1801946 (M.D.N.C. Apr. 13, 2018) ................. *passim*

*Coan v. Kaufman*,
  457 F.3d 250 (2d Cir. 2006) ............................................................................ 4, 5

*Cox v. Blue Cross Blue Shield of Michigan*,
  216 F. Supp. 3d 820 (E.D. Mich. 2016) ............................................................. 8

*Cryer v. Franklin Resources Inc.*,
  No. C-16-4265 CW, 2017 WL 4410103 (N.D. Cal. Oct. 4, 2017) ..................... 5

*DiFelice v. U.S. Airways, Inc.*,
  235 F.R.D. 70 (E.D. Va. 2006) ................................................................. 3, 4, 13

*Grunley Walsh U.S., LLC v. Raap*,
  386 Fed. App'x 455 (4th Cir. 2010) ................................................................... 8

*In re Merck & Co., Inc. Securities, Derivative & ERISA Litigation*,
  MDL No. 1658 (SRC), 2013 WL 396117 (D.N.J. Jan. 30, 2013) ..................... 12

*In re Mutual Funds Litigation*,
  529 F.3d 207 (4th Cir. 2008) .............................................................................. 4

*In re Titanium Dioxide Antitrust Litigation*,
  284 F.R.D. 328 (D. Md. 2012) .......................................................................... 14

*International Refugee Assistance Project v. Trump*,
  883 F.3d 233 (4th Cir. 2018) ................................................................................. 1

*Johnson v. Meriter Health Services Employee Retirement Plan*,
  702 F.3d 364 (7th Cir. 2012) ............................................................................. 2, 7

*LaRue v. DeWolff, Boberg & Associates, Inc.*,
  552 U.S. 248 (2008) ......................................................................................... 3, 4

*Leber v. The Citigroup 401(k) Plan Investment Committee*,
  323 F.R.D. 145 (S.D.N.Y. 2017) ........................................................................... 5

*Massachusetts Mutual Life Insurance Company v. Russell*,
  473 U.S. 134 (1985) ............................................................................................. 3

*Mazur v. eBay, Inc.*,
  257 F.R.D. 563 (N.D. Cal. 2009) ................................................................. 7, 8, 14

*Ortiz v. Fibreboard Corporation*,
  527 U.S. 815 (1999) ............................................................................................. 5

*Pender v. Bank of America Corporation*,
  269 F.R.D. 589 (W.D.N.C. 2010) ........................................................................... 2

*Pender v. Bank of America Corporation*,
  788 F.3d 354 (4th Cir. 2015) ....................................................................... 1, 3, 7, 8

*Perez v. Bruister*,
  54 F.Supp.3d 629 (S.D. Miss. 2014) ..................................................................... 5

*Pitt v. City of Portsmouth, VA*,
  221 F.R.D. 438 (E.D. Va. 2004) .......................................................................... 13

*Plotnick v. Computer Sciences Corp. Deferred Compensation Plan for Key Executives*,
  182 F. Supp. 3d 573 (E.D. Va. 2016) .................................................................. 12

*Sacerdote v. New York University*,
  No. 16-CV-6284 (KBF), 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) .............. 4, 5, 9

*Sims v. BB&T Corporation*,
  No. 1:15-CV-732, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017) ......................... 12

*Tatum v. R.J. Reynolds Tobacco Co.*,
  254 F.R.D. 59 (M.D.N.C. 2008) ..................................................................... 4, 13

*Teets v. Great-West Life & Annuity Insurance Co.*,
  315 F.R.D. 362 (D. Colo. 2016) .......................................................................... 12

*Tolbert v. RBC Capital Markets*,
  No. H-11-017, 2016 WL 3034497 (S.D. Tex. May 26, 2016) ........................... 4, 11

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ........................................................................................... 13

*White v. Sun Life Assurance Co.*,
  488 F.3d 240 (4th Cir. 2007) ................................................................................. 8

*Windham v. American Brands, Inc.*,
   565 F.2d 59 (4th Cir. 1977) ..................................................................................... 14

## STATUTES

29 U.S.C. § 1109(a) ..................................................................................................... 4

29 U.S.C. § 1113 .......................................................................................................... 8

ERISA § 409(a) ............................................................................................................ 4

ERISA § 413 ................................................................................................................. 8

ERISA § 502(a)(1)(B) .................................................................................................. 1

ERISA § 502(a)(2) .................................................................................................... 3, 8

ERISA § 502(a)(3) ........................................................................................... 1, 2, 8, 11

## OTHER AUTHORITIES

The Law of Trusts and Trustees § 861 (2017) ............................................................. 7

## RULES

Fed. R. Civ. P. 23(a)(4) ...................................................................................... 5, 11, 12

Plaintiff Robert F. Berry ("Plaintiff") respectfully submits this reply memorandum of law in further support of his Motion for Class Certification ("Motion").

## ARGUMENT

## I.     PLAINTIFF HAS STANDING TO PURSUE COUNT I.

Plaintiff has standing for Count I because a favorable decision will remedy his injury by forcing Defendants to pay back his forfeited benefits. *Int'l Refugee Assist. Project v. Trump*, 883 F.3d 233, 257 (4th Cir. 2018). Article III's redressability requirement simply requires that it be "likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks. . . ." *Pender v. Bank of Am.*, 788 F.3d 354, 365 (4th Cir. 2015) (internal citations omitted).

Count I seeks a declaration that the Plan violates ERISA's vesting rules and an injunction requiring Defendants to "[r]emedy all past enforcement of the Forfeiture Clause . . . ." Am. Compl. (ECF No. 22) at ¶ 68. These are proper forms of relief for someone like Plaintiff, whose vested benefits have been wrongfully taken due to a plan term or practice that violates ERISA. *CIGNA Corp. v. Amara*, 563 U.S. 421, 440 (2011) (court can reform plan terms under ERISA § 502(a)(3) and order that benefits be paid "under the plan as reformed").[1] The relief sought in Count I is "likely" to remedy Plaintiff's injury because it will cause Plaintiff's benefits to be restored. *See* Am. Compl. at ¶ 68 (seeking to "[r]emedy all past violations of the Forfeiture Clause"). Accordingly, Plaintiff has standing to bring Count I. *Pender*, 788 F.3d at 367.[2]

---

[1]     Defendants assertion that these are "plainly not requests for injunctive relief," Opp'n at 10, ignores *CIGNA*. *CIGNA*, 563 U.S. at 440.

[2]     Defendants wrongly assert that the claims in the Amended Complaint are "typically" brought as a claim for benefits under ERISA § 502(a)(1)(B). Opp'n at 14. ERISA § 502(a)(1)(B) applies when a plaintiff is trying to "recover benefits due to him under the terms of his plan," *e.g.*, if a plan administrator miscalculates a participant's years of service. Where the terms of a plan violate ERISA, a plaintiff's remedy is under ERISA § 502(a)(3) to obtain "appropriate equitable relief to redress" violations of ERISA. *Pender*, 788 F.3d at 363-65.

Contrary to Defendants' argument, Opp'n at 9, "a declaration that the Deferral Plan is not a "top hat plan" will establish that ERISA's vesting and anti-forfeiture provisions apply to the Plan, allowing Plaintiff to recover his benefits. *See*, *e.g., Pender v. Bank of Am. Corp.*, 269 F.R.D. 589, 599 (W.D.N.C. 2010) (certifying class seeking declaration that plan violated ERISA's anti-cutback rule); *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 365 (7th Cir. 2012) (affirming certification of class seeking "a declaration of their rights and an injunction that the plan's records be reformed to reflect those rights."); *Berger v. Xerox Corp. Ret. Income Guar. Plan*, 338 F.3d 755, 763 (7th Cir. 2003) (declaration that Xerox violated ERISA "was merely a prelude to a request for damages").

Defendants' labeling of the relief sought in Count I as "prospective," Opp'n at 9, is merely another way of arguing that Plaintiff's injuries are not redressable. The Seventh Circuit rejected an identical argument in *Johnson*, holding:

> Meriter's further argument that class members who are no longer participants in the plan are not entitled to declaratory or injunctive relief ***because such relief is forward looking and they want retrospective relief – that is, money – is silly*** . . . . [A] declaration is a permissible prelude to claim for damages, that is, to monetary relief for a concrete harm already suffered.

*Johnson*, 702 F.3d at 369 (emphasis added) (internal citations omitted). Practically, any remedy this Court grants under Count I will result in Plaintiff recovering his vested benefits.

Defendants also argue that Plaintiff will not be affected by an injunction, Opp'n at 9-10, but injunctive relief is a proper remedy for past violations of ERISA. *See CIGNA*, 563 U.S. at 440-42 ("affirmative and negative injunctions" requiring "plan administrator to pay already retired beneficiaries money owed to them under the plan as reformed" are proper relief under ERISA § 502(a)(3)). Ultimately, this Court has broad discretion to award equitable relief. *Id*. at 444 (courts can "mold the relief to protect the rights of the beneficiary according to the situation involved"). The fact that the Court may ultimately not award every type of relief sought in Count

I does not mean Plaintiff lacks standing to assert *the entire claim* or negate the many forms of relief that Defendants do not dispute will remedy his injuries.

Defendants' argument that Plaintiff's proposed Class definition affects his individual standing is wrong. Opp'n at 10.[3] He suffered an injury-in-fact (lost retirement benefits) caused by the Defendants' unlawful conduct (applying the Forfeiture Clause) that is redressable by Count I (payment of benefits under the Plan, as reformed). He has Article III standing, irrespective of whether the Court certifies the proposed Class. *Pender*, 788 F.3d at 367.

## II.    THE PROPOSED CLASS DEFINITION IS PROPER.

Defendants' argument that the Class must include Plan participants who have not forfeited benefits is wrong. Opp'n at 11-12. ERISA § 502(a)(2) claims are commonly made on "behalf of the plan" where the class includes only participants who have lost money in their individual plan accounts. *DiFelice v. U.S. Airways*, 235 F.R.D. 70, 76 (E.D. Va. 2006).

*Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 140 (1985), held that ERISA protects the "entire plan" when the plan is a *defined benefit plan*. *Russell*, 473 U.S. at 142. This principle does not apply to a *defined contribution plan*, like the Plan here. *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248 (2008), states:

> For defined contribution plans . . . fiduciary misconduct need not threaten the solvency of the entire plan to reduce benefits below the amount that participants would otherwise receive. Whether a fiduciary breach diminishes plan assets payable to all participants and beneficiaries, *or only to persons tied to particular individual accounts*, it creates the kind of harms that concerned the draftsmen of § 409. Consequently, our references to the "entire plan" in *Russell,* which accurately reflect the operation of § 409 in the defined benefit context, *are beside the point in the defined contribution context*.

*Id*. at 255-56 (emphases added).

---

[3]    Defendants previously moved to dismiss Counts II and III of the Amended Complaint on standing grounds, ECF No. 26, but did *not* argue that Plaintiff lacked standing to bring Count I.

Section 502(a)(2) defined contribution plan claims – while "on behalf of the plan" – seek recovery for the participants whose individual accounts were affected by the fiduciary's misconduct. *Id*. at 256. This is true "even if [the claim] is for injury only to a particular individual account." *In re Mut. Funds Litig.*, 529 F.3d 207, 218 (4th Cir. 2008). Thus, if Plaintiff brought a Section 502(a)(2) in this individual capacity, the recovery would still be "on behalf of the plan" because the money would be paid to the Plan and then allocated to his individual account.

ERISA does not require that **all** plan participants be included in the proposed Class, because not every participant will have suffered a loss. Indeed, courts certifying classes in ERISA cases typically **only** include those participants whose plan accounts lost money due to the breach. *DiFelice*, 235 F.R.D. at 76 (participants who invested in U.S. Airways stock); *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 64 (M.D.N.C. 2008) (participants who invested in Nabisco stock).[4]

Defendants contradict themselves in claiming current Plan participants must be part of the proposed Class. *Compare* Opp'n at 11-12 *with id.* at 23. Relying on *Tolbert v. RBC Capital Markets*, No. H-11-017, 2016 WL 3034497 (S.D. Tex. May 26, 2016), Defendants argue that current Deferral Plan participants have **not** suffered an injury. Opp'n at 23. If current participants have not suffered a loss, they should not be part of the Class because ERISA fiduciaries are only liable for the "losses to the plan." ERISA § 409(a), 29 U.S.C. § 1109(a).[5]

---

[4]    The classes certified in *Clark v. Duke University*, No. 1-16-CV-1044, 2018 WL 1801946, at *16-17 (M.D.N.C. Apr. 13, 2018) and *Sacerdote v. New York University*, No. 16-CV-6284 (KBF), 2018 WL 840364, at *4 (S.D.N.Y. Feb. 13, 2018) are consistent with this principle. The certified classes in those cases included all plan participants because the fiduciaries' breaches included paying too much for the plans' recordkeeping fees which diminished each participant's plan account and every participant suffered a loss. *Duke Univ.*, 2018 WL 1801946, at *1; *New York Univ.*, 2018 WL 840364, at *1-2.

[5]    *Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006) has little relevance. Opp'n at 12-13. The plaintiff in *Coan* brought an ERISA § 502(a)(2) claim "on behalf of the plan" but did **not** move

Absent any authority, Defendants claim that Plaintiff must consider how his case may "potentially harm the interests of current participants" who work for Wells Fargo. Opp'n at 12. Plaintiff has no obligation to consider their interests because they are not part of the Class. *See* Fed. R. Civ. P. 23(a)(4). This is especially true because the so-called "harm" would be a finding that the Deferral Plan is not a "top hat" plan. Opp'n at 12. But current plan participants do ***not*** have a protectable interest in participating in an illegal plan. *Duke Univ.*, 2018 WL 1801946, at *16-17; *New York Univ.*, 2018 WL 840364, at *4 ("no plan participant [has] a legal interest in continuing to invest in a plan that was adjudged imprudent"). Moreover, Defendants' unsubstantiated suggestion that current participants would be harmed if Defendants follow the law is speculative to say the least.

## III.  CLASS CERTIFICATION IS PROPER UNDER RULE 23.

### A.  Plaintiff satisfies Rule 23(a)'s requirements.

#### 1.  Commonality.

Defendants effectively concede commonality by raising only two issues: (1) whether recruiting bonuses offset forfeited awards; and (2) the statute of limitations. Opp'n 13-19.

---

for class certification. The Second Circuit found that the plaintiff needed to meet "minimum procedural safeguards" to bring this claim because it affected other participants' ability to recover their ***losses*** due to the same fiduciary breaches, stating that "***a class action is (an) appropriate procedural device***" for doing so. *Coan*, 457 F.3d at 261 (emphasis added) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833-34 (1999)). No court in this Circuit has followed *Coan* and it has received "mixed reviews" from other courts. *Perez v. Bruister*, 54 F. Supp. 3d 629, 649 (S.D. Miss. 2014) (collecting cases). Even courts that follow *Coan* have found that a plaintiff satisfies "minimum procedural safeguards" by moving for class certification. *Cryer v. Franklin Res. Inc.*, No. C-16-4265 CW, 2017 WL 4410103, at *4 (N.D. Cal. Oct. 4, 2017); *Leber v. The Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 157 (S.D.N.Y. 2017). These courts – including *Coan* – have not held that ***all*** participants in an ERISA plan – especially those who did not suffer a loss – must be included in a Rule 23 class.

### a.     Defendants' offset argument is irrelevant.

Defendants' unproven assertion that some Class members may have received a subsequent recruitment bonus based on the forfeited amount is irrelevant.  Opp'n at 14-17, 19.  Defendants' self-serving declarations, at most, show that **Wells Fargo** sometimes offers signing bonuses to new financial advisors, the amount of which may be related to deferred compensation withheld by a prior employer "**as one component**."  *See* Sinacore Decl., ¶¶ 5-6 (ECF No. 66-5) (emphasis added); Danbury Decl., ¶¶ 8, 13 (ECF No. 66-6).  Wells Fargo even admits that other factors include "proven revenue and income." Opp'n at 16.

Defendants do not know what "number of factors" a future employer might (or might not) have considered in offering its **own**, separate signing bonus, such as the broker's "proven revenue and income" and income that could generate revenues for the new employer.  *Id.* at 16.  Likewise, Defendants' suggestion that it is "industry practice" for one financial institution to pay the debts of another, allegedly competing financial institution makes no sense.  *Id.*  It is also disputed, not capable of judicial notice, and should be disregarded.  In any event, there is no dispute that Defendants took Plaintiff's benefits.

Even if a former employee received a signing bonus from an unaffiliated third-party, this money would **not** operate as an "offset" to allow Defendants to take the participants' vested retirement benefits.  Opp'n at 16.  A future payment by an unrelated institution may not be offset against a debt owed by Defendants because they are **not** mutual debts between the same debtor and creditor.  *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 19 (1995) ("The right of setoff (also called 'offset') allows entities that owe each other money to apply their **mutual debts against each other** . . . .") (emphasis added).  Accordingly, Defendants cannot use payments by a third party to offset their obligation to pay participants.   "The vested benefits of plan participants (are)

sacrosanct: that's what vested means." *Johnson*, 702 F.3d at 368. Because recruitment bonuses are irrelevant, there is no need for any factual injury, much less "mini-trials." Opp'n at 16.

Moreover, "the Supreme Court has never limited the injury-in-fact requirement to financial losses (otherwise even grievous constitutional violations may well not qualify as an injury)." *Pender*, 788 F.3d at 366. Plaintiff can assert a claim "where a plan sponsor benefits from an ERISA violation, but plan participants – perhaps through luck or agency intervention – ***suffer no monetary loss***." *Pender*, 788 F.3d at 365 (emphasis added). Even if Defendants' offset theory had merit, and it does not, and Class members did not suffer financial losses, which they did, they can ***still*** recover the profits earned by Defendants from retaining the forfeited, vested retirement benefits:

> Requiring a financial loss for disgorgement claims would effectively ensure that wrongdoers could profit from their unlawful acts as long as the wronged party suffers no financial loss. We reject that notion . . . . Such a result would be hard to square with the overall tenor of ERISA, a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans.

*Id.* at 366 (internal citations omitted).

Section 502(a)(3)'s equitable remedies allow Class members to receive "the exact benefit" to which they were entitled under ERISA. *See* George Gleason Bogert, *et al.*, The Law of Trusts and Trustees § 861 (2017). Any subsequent signing bonus that Class members may have received is entirely irrelevant to whether they can recover for their exact vested benefits and whether the Court should certify the proposed Class.[6]

---

[6]    The proposed classes in *Bond v. Marriot International, Inc.*, 296 F.R.D. 403 (D. Md. 2014), Opp'n at 17, included individuals who received ***greater benefits*** than they would have if they were successful in the case. *Id.* at 408. Unlike *Bond*, each member of the Class here ***lost*** vested retirement benefits. No member of the proposed Class is better off by losing vested benefits. *Mazur v. eBay, Inc.*, 257 F.R.D. 563 (N.D. Cal. 2009), Opp'n at 17, involved fake bids in eBay auctions, not vested benefits under ERISA's statutory framework or fiduciary duties that must be uniformly applied. *Alday v. Raytheon Co.*, 619 F. Supp. 2d 726, 736 (D. Ariz. 2008). *Mazur* says

**b.     Defendants' statute of limitations argument limits their liability; it does not defeat commonality.**

Defendants did not plead the statute of limitations in their Answer and, accordingly, waived the defense. *Grunley Walsh U.S., LLC v. Raap*, 386 Fed. App'x 455, 459 (4th Cir. 2010). Moreover, Defendants entirely ignore Plaintiff's claims under ERISA § 502(a)(3) in Counts I and IV. Opp'n at 17-19. Even if Defendants raised this issue, ERISA does not prescribe a statute of limitations for § 502(a)(3) claims. *Pender*, 788 F.3d at 368. Accordingly, courts apply the most analogous state-law statute of limitations. *White v. Sun Life Assur. Co.*, 488 F.3d 240, 244 (4th Cir. 2007). Here, the Deferral Plan says North Carolina law applies (when federal law does not). ECF No. 62-6 at § 9.04. The most analogous statute of limitations that seeks vested retirement benefits under North Carolina law "is that for imposing a constructive trust," which has a ten-year statute of limitations. *Pender*, 788 F.3d at 368.[7] Plaintiff filed suit on February 1, 2017. ECF No. 1. Accordingly, the statute of limitations is ***not*** an issue for ***any*** member of the Class for Count I or Count IV claims under ERISA § 502(a)(3). *Pender*, 788 F.3d at 367.

As for the ERISA § 502(a)(2) claim in Count IV, it must be brought within the earlier of six years of the breach, or three years after the plaintiff had actual knowledge of the breach or violation. ERISA § 413, 29 U.S.C. § 1113. Plaintiff suffered a loss when his benefits were forfeited, which was when the cause of action accrued and within the three-year statute of

---

nothing about whether Plaintiff has articulated a common question of law or fact. *Mazur*, 257 F.R.D. at 572. Defendants also cite *Cox v. Blue Cross Blue Shield of Michigan*, 216 F. Supp. 3d 820, 825 (E.D. Mich. 2016), for the proposition that an "injury-in-fact" is required to pursue claims for equitable relief. Opp'n at 17. But the injury-in-fact requirement is not limited to financial losses. *See Pender*, 788 F.3d at 366.

[7]     *Pender* rejected both parties' requests to apply North Carolina's three-year statute of limitations for a breach of contract, holding that "[i]t would be incongruous to hold Plaintiffs are unable to pursue relief under Section 502(a)(1)(B) because their claim sounds in equity instead of contract, and then apply the statute of limitations for a contract." *Pender*, 788 F.3d at 368.

limitations.  ECF No. 62-13 (showing forfeitures dated February 3, 2014); ECF No. 1 (case filed on February 1, 2017); *see also* ECF No. 47 at 15 (Order).

Even if Plaintiff's claim arose earlier, which it did not, "actual knowledge" depends on the complexity of the underlying factual transaction, the complexity of the legal claim[,] and the egregiousness of the alleged violation."  *Browning v. Tiger's Eye Benefits Consulting*, 313 F. App'x 656, 661 (4th Cir. 2009).  Defendants cannot – and do not – point to ***any*** document that told Plaintiff that the Plan was "misclassified," *e.g.*, one that shows that only a "select group of management and highly compensated employees" were participants.  Opp'n at 18.  In fact, Defendants earlier claimed that they could ***not*** establish that the Plan was a "top hat" plan on the basis of the Plan document alone.  ECF No. 26 at 2, n.2.

In any event, Defendants' statute of limitations defense is a common question.  The underlying plan documents, the claims, and the violations are all the same.  *New York Univ.*, 2018 WL 840364, at *7 ("A common question to the class is whether the facts in those documents are sufficient to establish actual knowledge of the breach; it will not be an individualized inquiry.  As such, this defense is not sufficient to defeat the motion for class certification.").  Moreover, the date of the forfeiture, and whether the loss occurred within three years, can easily be determined from Defendants' records.  ECF No. 62-5 at 104-5.  And, if a claim arose before a loss occurred, the statute of limitations is still a common issue.  Finally, even if the three-year statute of limitations applies, this would simply shorten the class period, rather than defeat class certification. *Duke Univ.*, 2018 WL 1801946, at *13

*Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 342 (4th Cir. 1998), Opp'n at 19, does not apply because that case involved equitable tolling based on alleged misrepresentations that differed from one class member to the next.  *Broussard*, 155 F.3d at 342.

Those issues are not present here; as Defendants acknowledge, there are uniform documents and plan terms. Opp'n at 18.

In *Bond* the alleged violation was "wrongfully exempting class members' pension plan," and the claim was to change the plan for the benefit of both existing and former participants. *Bond*, 296 F.R.D. at 408. Here, in contrast, as Defendants admit, Opp'n at 14, 16, the claim is "to recover awards forfeited." *See also* ECF No. 47 at 15 (Order) (Plaintiff's alleged "injury was the loss of the funds and Wells Fargo's conduct was the seizure of the funds."). Since the injury is the forfeiture, the claim arose on the date of the forfeiture, which can be easily decided on a class-wide basis based on Defendants' records. Accordingly, the individualized issues raised in *Bond* do not apply. *See* 296 F.R.D. at 498.

*Duke University* analyzed the potential that the statute of limitations defense would arise and what would happen if defendants prevailed. The court held:

> Even if the defendants are correct on these (statute of limitations arguments), they would be successful only in limiting damages, not precluding them entirely. The presence of individual statute of limitations defenses that may or may not ever be reached and that would limit, not preclude damages, does not negate the abundance of common legal and factual questions present here that collectively, if not individually, are central the validity of each one of the claims.

*Duke Univ.*, 2018 WL 1801946, at *13. Likewise, this defense does not defeat Plaintiff's showing of commonality. At most, the defense would limit Defendants' liability to the forfeitures that occurred within three years of when this case was filed.

### 2. Typicality.

Defendants assert their commonality arguments again under typicality, and they fail for the same reasons. Defendants also assert that Plaintiff is "not part of the class." Opp'n at 20. By "the class," Defendants do not mean the Rule 23 class that ***Plaintiff*** proposes. Rather, Defendants mean that Plaintiff lacks standing to bring Count I, regurgitating their incorrect interpretation of the

-10-

equitable relief available under ERISA § 502(a)(3).  As set forth in § I, above, Defendants are wrong.

### 3.    Adequacy.

Defendants' argument on adequacy is no different from their argument about commonality and typicality.  For example, Defendants' contention that Plaintiff "has no incentive" to protect putative Class members' interests, incorrectly assumes that Defendants can keep participants' ***vested retirement benefits*** if they receive a recruitment bonus from another employer.  Opp'n at 21; *see* § II, above.

Defendants' conflict argument fails.  Opp'n at 22-23.  Plaintiff ***only*** seeks to represent Plan participants who lost retirement benefits.  Defendants try to ***expand*** Plaintiff's proposed class definition and then argue, because of this expansion, that Plaintiff has a conflict.  Opp'n at 22.  This is non-sensical.  Under Rule 23(a)(4), a plaintiff meets the adequacy requirement by showing he will "fairly and adequately represent the interests ***of the class***."  Fed. R. Civ. P. 23(a)(4) (emphasis added).

*Tolbert* **supports** Plaintiff's Class definition.  Opp'n at 22-23.  *Tolbert* included participants who had not suffered forfeitures.  *Tolbert,* 2016 WL 3034497 at *6.  These individuals had ***not*** "suffered an injury in fact" and had a conflict with those who suffered forfeitures.  *Id.* at *6-7.[8] Since Plaintiff's proposed definition of the Class ***only*** includes Plan participants who suffered forfeitures, there are no "inherent conflicts."  Opp'n at 22.

Defendants suggest that current participants may want the Plan to continue to operate as a

---

[8]    *Tolbert* is consistent with this Court's Order on Defendants' Motion to Dismiss wherein the Court held that "a bare procedural violation, divorced from any concrete harm, is not sufficient to satisfy the injury in fact requirement."  ECF No. 47 at 14 (citing *Ben-Davies v. Blibaum & Assocs.*, 695 F. App'x 674, 677 (4th Cir. 2017)).

"top hat" plan.  Opp'n at 23, 24.  It is unclear why Defendants speculate that current participants would not want ERISA's protections.  Regardless, Plaintiff is not required to represent this viewpoint.  Fed. R. Civ. P. 23(a)(4).  Plaintiff's adequacy is not undermined because someone wants to continue an allegedly unlawful practice.  *Duke Univ.*, 2018 WL 1801946, at *18.

In *Plotnick v. Computer Sciences Corp. Deferred Compensation Plan for Key Executives*, 182 F. Supp. 3d 573 (E.D. Va. 2016), Opp'n at 23, some proposed class members ***benefitted***.  The court denied class certification because it would not "construct a class to ensure that only those persons who have suffered economic harm" were included.  *Plotnick*, 182 F. Supp. 3d at 586.  In contrast, every member of Plaintiff's proposed Class suffered harm in the exact same way— losing benefits under the Forfeiture Clause.

Equally baseless is Defendants' assertion that Plaintiff has had "meager involvement." Opp'n at 24.  Plaintiff investigated the factual predicate of the case and called his attorney "and asked him about" it. Berry Tr. (ECF No. 62-12) at 20:2-7.  Plaintiff read the Amended Complaint and "talked with [his] attorney about" the claims.  *Id.* at 88:22-89:2.  He also helped his attorneys respond to discovery and "spent [a day] with [his] attorneys" preparing for his deposition.  *Id.* at 19:11-12.  No more is required.  *Sims v. BB&T Corp.*, No. 1:15-CV-732, 2017 WL 3730552, at *5 (M.D.N.C. Aug. 28, 2017).

Defendants challenge Plaintiff's adequacy because he does not know the legal definitions of "disgorgement," "equitable lien," or "constructive trust."  Opp'n at 25 (citing Berry Tr. at 93:24-95:21).  But Plaintiff does not need to be able to recite legal definitions.  *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, MDL No. 1658 (SRC), 2013 WL 396117, at *9 (D.N.J. Jan. 30, 2013); *see also Teets v. Great-West Life & Annuity Ins. Co.*, 315 F.R.D. 362, 369 (D. Colo. 2016) ("Very few lawyers, much less rice farmers, understand ERISA").  Plaintiff understands his claims,

testifying that "everything I had in my deferred compensation was my retirement benefit . . . I considered it belonging to me" but "the rules at Wells [Fargo] on vesting had nothing to do with ERISA law."  Berry Tr. (ECF No. 62-12) at 89:15-23; *see also id.* at 90:9-15 ("Top hat plan pertains to . . . highly compensated individuals at a company.  But at Wells Fargo, . . . it wasn't that way.").

### B.     The proposed Class meets Rule 23(b)'s requirements.

#### 1.     The Class should be certified under Rule 23(b)(1).

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), does not prevent Plaintiff from certifying the Class under Rule 23(b)(1) because Count IV seeks monetary relief.  Opp'n at 26. *Dukes* addressed certification of a Rule 23(b)(2) class, not a Rule 23(b)(1) class.  *Dukes*, 564 U.S. at 361; *see also Duke Univ.*, 2018 WL 1801946, at *20 (rejecting identical argument).  Numerous courts have certified Rule 23(b)(1) classes in ERISA cases seeking monetary relief, and this Court should do the same.  *See, e.g.*, *Duke Univ.*, 2018 WL 1801946, at *20; *DiFelice*, 235 F.R.D. at 76; *Tatum*, 254 F.R.D. at 66; *Sims*, 2017 WL 3730522, at *4.

Defendants argue that a non-opt out class might affect current participants.  Opp'n at 27. This argument wrongly suggests that current participants want Defendants to continue to violate ERISA.  Theoretically, this could be true of any ERISA class certified under Rule 23(b)(1), but courts routinely certify classes under this rule.  *See*, *e.g.*, *Duke Univ.*, 2018 WL 1801946, at *17. Defendants' argument is not a basis for denial of class certification.  *See* § II, above.

#### 2.     Alternatively, the Class may be certified under Rule 23(b)(3).

Defendants ignore whether the proposed Class will be manageable, which is "the most important consideration in a Rule 23(b)(3) determination."  *Pitt v. City of Portsmouth, VA*, 221 F.R.D. 438, 446 (E.D. Va. 2004).  Each potential Class member's losses can be easily determined from Defendants' records without individualized inquiry.  ECF No. 62-8; *Windham v. Am. Brands,*

*Inc.,* 565 F.2d 59, 67-68 (4th Cir. 1977) (manageable class when damages calculations are "virtually a mechanical task, capable of mathematical or formula calculation") (internal citations omitted). And, if there is a need to determine Class members' signing bonuses – and there should not be – that inquiry could be easily managed through a claims process. *In re Titanium Dioxide Antitrust Litig.*, 284 F.R.D. 328, 349 (D. Md. 2012) ("The need to inquire into individual damage calculations, however, is not an impediment to class certification.").

The court denied class certification in *Mazur* because, among other reasons, it would be impossible to establish how much each class member should have paid for the items they bought on eBay because "each auction involved unique items, unique bidders, and unique series of bids." *Mazur*, 257 F.R.D. at 572. Here, in contrast, the money owed to Class members is not a "unique item" that needs to be separately valued.

The average amount forfeited by Cass members does not provide them sufficient incentive to pursue – much less "control" – an individual lawsuit. Opp'n at 30-31.[9] No other "presumably financially sophisticated" member of the Class has ever brought a claim against Defendants challenging the Deferral Plan's "top hat" status. ECF No. 62-11. The suggestion that anyone would benefit from 1,400 separate lawsuits is absurd. Repetitive litigation does not support "economies of time, effort, and expense" that class actions achieve. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Separate suits would not provide the uniformity that ERISA requires. *Duke Univ.*, 2018 WL 1801946, at *20.

---

[9] Defendants additionally argue that the putative class members are "well-equipped to pursue their own remedies" as they are all "highly compensated and presumably financially sophisticated." Opp'n at 31. This argument is equally unavailing and nonsensical as there is no authority that holds – or even implies – that members of a class action must be unsophisticated.

## CONCLUSION

For the reasons set forth herein, and for those set forth in Plaintiff's Opening Brief, Plaintiff's motion for class certification should be granted.

DATED:  April 19, 2018                          Respectfully submitted,


                                      By:     /s/ William S. Norton
                                              William S. Norton (D.S.C 11343)
                                              Erin C. Williams (D.S.C. 12282)
                                              MOTLEY RICE LLC
                                              28 Bridgeside Boulevard
                                              Mount Pleasant, SC  29464
                                              Telephone:  (843) 216-9000
                                              Facsimile:   (843) 216-9450
                                              bnorton@motleyrice.com
                                              ecwilliams@motleyrice.com

                                              William H. Narwold (D.S.C 73977)
                                              Mathew P. Jasinski (admitted *pro hac vice*)
                                              MOTLEY RICE LLC
                                              27 Church Street, 17th Floor
                                              Hartford, CT  06103
                                              Telephone:  (860) 882-1681
                                              Facsimile:   (860) 882-1682
                                              bnarwold@motleyrice.com
                                              mjasinski@motleyrice.com

                                              Thomas R. Ajamie (admitted *pro hac vice*)
                                              David S. Siegel (admitted *pro hac vice*)
                                              John S. Edwards, Jr. (admitted *pro hac vice*)
                                              AJAMIE LLP
                                              Pennzoil Place - South Tower
                                              711 Louisiana, Suite 2150
                                              Houston, TX  77002
                                              Telephone:  (713) 860-1600
                                              Facsimile:   (713) 860-1699
                                              tajamie@ajamie.com
                                              dsiegel@ajamie.com
                                              jedwards@ajamie.com

Mark P. Kindall (admitted *pro hac vice*)
Douglas P. Needham (admitted *pro hac vice*)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, Connecticut 06107
Telephone: 860-493-6292
mkindall@ikrlaw.com
dneedham@ikrlaw.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 19, 2018, I electronically filed **PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR CLASS CERTIFICATION** through this Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ William S. Norton*
William S. Norton

-17-