Exhibit 2

**United States District Court for the District of South Carolina**

**PLEASE READ THIS NOTICE CAREFULLY. IT RELATES
TO THE PROPOSED SETTLEMENT OF A CLASS ACTION AND
CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.**

The District Court has authorized this Notice. It is not a solicitation from a lawyer.

This Notice does not, however, constitute the findings of the Court. It should not be understood
to be an expression of the Court's views on the merits of any claim or defense raised by the parties.

---

**I.    What is this notice about?**

This Notice is being sent to notify you of a settlement of a class action lawsuit ("the Class Action") filed in the United States District Court for the District of South Carolina, Columbia Division, entitled *Berry v. Wells Fargo & Co.*, Civil Action No. 3:17-cv-00304-JFA, alleging, among other things, that Wells Fargo & Company, Wells Fargo Clearing Services, LLC f/k/a Wells Fargo Advisors, LLC, and Wells Fargo Advisors Financial Network, LLC (collectively, "Defendants") violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), by failing to pay deferred compensation to Class Members based on the forfeiture clause of the Wells Fargo Advisors Performance Award Contribution and Deferral Plan (the "Deferral Plan"). Defendants deny all allegations in the Class Action.

On _____, 2020, the Court preliminarily approved a settlement of the Class Action. The purpose of this Notice is to inform you of the Class Action and the Proposed Settlement.

---

**II.    What is a class action lawsuit?**

A class action lawsuit is a legal action in which one or more people represent a large group, or class of people. The purpose of a class action lawsuit is to resolve at one time similar legal claims of the members of the group.

---

**III.    Who is in the Settlement Class?**

On _____, 2020, the Court certified the following Settlement Class:

> All persons who participated in the Wells Fargo Advisors Performance Award Contribution and Deferral Plan (the "Deferral Plan") between February 1, 2011, and the Settlement Agreement Execution Date, who earned deferred compensation under the Deferral Plan, were denied compensation under the Deferral Plan's Forfeiture Clause (§ 5.05), and have not as of the Settlement Agreement Execution Date released, in writing, their right to recover unpaid deferred compensation under the Deferral Plan**.**

---

**IV.    What are the terms of the proposed settlement and how do I receive a settlement payment?**

Defendants have agreed to pay seventy-nine million dollars ($79,000,000) to settle the Class Action and related attorneys' fees and costs and any Case Contribution Award. **You do not need to do anything to participate in the Settlement or to receive a settlement payment.** If the settlement is approved, your settlement payment (less applicable withholding and deductions) will be mailed to you at the address Defendants have on file or that is otherwise known to the Settlement Administrator. You may be subject to state and/or federal taxes on your settlement payments, including income taxes and payroll taxes, as well as other regular deductions. You are responsible for all taxes that may be due on your settlement payments and you should consult with your own accountants or other tax professionals to determine what, if any, taxes may be owed.

---

**V.    Why is there a proposed settlement?**

The Court has not decided in favor of either side in the Class Action. Plaintiff and Class Counsel believe the claims have merit. Defendants deny all allegations of wrongdoing or liability against them whatsoever and further contend that their conduct was lawful. Defendants are settling to avoid the expense, inconvenience, and inherent risk of litigation with respect

to the Class Action. Plaintiff and Class Counsel believe that the proposed settlement is in the best interest of the Settlement Class because it provides appropriate recovery for Class Members now, while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals, including the possibility of no recovery at all.

## VI.    When and where is the final approval hearing?

**The final approval hearing has been set for _____, 2020, at _____ before the Honorable Joseph F. Anderson, Jr. of the United States District Court for South Carolina, in the Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina 29201.** The hearing may be moved to a different date or time without additional notice, so it is a good idea to check ahead. At the final approval hearing, the Court will hear any comments from the parties or objections concerning the fairness of the Proposed Settlement, including the amount requested for attorneys' fees and costs and any Case Contribution Award to the Class Representative. At this hearing the Court will consider whether the Proposed Settlement is fair, reasonable, and adequate. The Court will also consider how much Class Counsel may receive in fees and reimbursement for their expenses and how much the Class Representative may receive as a Case Contribution Award, all to be paid from the Settlement Amount. If there are objections or comments, the Court will consider them at this time.

**You do not need to attend the final approval hearing to remain a Class Member or to obtain any benefits under the Proposed Settlement.** You or your own personal attorney may attend the hearing if you wish, at your own expense. You do not need to attend this hearing to have a properly filed and served written objection considered by the Court. After the hearing, the Court will decide whether to approve the Settlement.

## VII.  How can I object to the settlement?

You can comment in opposition to the Proposed Settlement, including the amount requested for attorneys' fees and costs and any Case Contribution Award to the Class Representative, which is known as an objection, and you have the right to appear before the Court to express your opposition. Your written objection in opposition to the settlement must be submitted in writing and filed with the Court by _____. Objections must be either (a) mailed to: Clerk of the Court, Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina 29201; or (b) filed online at https://ecf.scd.uscourts.gov/cgi-bin/login.pl.

You must also send copies of your written objection to the parties' attorneys at the following addresses:

| Class Counsel | Defendants' Counsel |
|---|---|
| William S. Norton<br>Erin C. Williams<br>MOTLEY RICE LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC  29464<br>Telephone: (843) 216-9000<br>Facsimile:  (843) 216-9450<br>bnorton@motleyrice.com<br>ecwilliams@motleyrice.com<br><br>William H. Narwold<br>Mathew P. Jasinski<br>MOTLEY RICE LLC<br>20 Church Street, 17th Floor<br>Hartford, CT  06103<br>Telephone: (860) 882-1681<br>Facsimile:  (860) 882-1682<br>bnarwold@motleyrice.com<br>mjasinski@motleyrice.com<br><br>Thomas R. Ajamie<br>David S. Siegel<br>John S. "Jack" Edwards, Jr.<br>AJAMIE LLP<br>Pennzoil Place - South Tower<br>711 Louisiana, Suite 2150<br>Houston, TX  77002 | Frederick T. Smith<br>SEYFARTH SHAW LLP<br>1075 Peachtree Street N.E., Suite 2500<br>Atlanta, GA 30309<br>Telephone: (404) 888-1021<br>Facsimile: (404) 892-7056<br>fsmith@seyfarth.com<br><br>Amanda A. Sonneborn<br>Samuel Schwartz-Fenwick<br>Megan E. Troy<br>SEYFARTH SHAW LLP<br>233 S. Wacker Drive, Suite 8000<br>Chicago, IL 60606<br>Telephone: (312) 460-5000<br>Facsimile: (312) 460-7000<br>asonneborn@seyfarth.com<br>sschwartz-fenwick@seyfarth.com<br>mtroy@seyfarth.com |

Telephone: (713) 860-1600
Facsimile:  (713) 860-1699
tajamie@ajamie.com
dsiegel@ajamie.com
jedwards@ajamie.com

Robert A. Izard
Mark P. Kindall
Douglas P. Needham
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT  06107
Telephone: 860-493-6292
rizard@ikrlaw.com
mkindall@ikrlaw.com
dneedham@ikrlaw.com

To be valid and considered by the Court, any such written objection must state: (1) the name and case number of the Class Action: *Berry v. Wells Fargo & Co.*, No. 3:17-cv-00304; (2) your name, address, and telephone number; (3) each objection you are making and the relief that you are requesting; and (4) whether you intend to appear, either in person or through counsel, at the final approval hearing. You may, but need not, file and serve your objection through counsel of your choice and you may, but need not, appear at the final approval hearing either in person or through personal counsel hired at your expense. If you make your objection or appearance at the final approval hearing through an attorney, you will be responsible for your personal attorney's fees and costs. Also, if you intend to appear at the final approval hearing through personal counsel hired at your expense, you must identify the counsel's name, address, and telephone number in your written objection.

If you do not object as described above, you will be deemed to have released the claims at issue against Defendants as explained below and will otherwise be bound by the Proposed Settlement.

## VIII. What is the effect of final settlement approval?

IF THE COURT APPROVES THE PROPOSED SETTLEMENT AFTER THE FINAL APPROVAL HEARING, IT WILL ENTER A JUDGMENT DISMISSING THE LAWSUIT WITH PREJUDICE AND RELEASING ALL RELATED CLAIMS AGAINST DEFENDANTS BASED ON THE ALLEGATIONS IN THE LAWSUIT, AND THE PROPOSED SETTLEMENT WILL BE YOUR SOLE MECHANISM FOR OBTAINING ANY RELIEF FROM DEFENDANTS WITH RESPECT TO THESE CLAIMS.

All Class Members and each of their respective successors, assigns, legatees, heirs, and personal representatives will release and forever discharge (a) Defendants; (b) their insurers, co-insurers, and reinsurers; (c) their past, present, and future parent corporation(s); (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; and (e) with respect to (a) through (d) above their past, present, and future members of their respective boards of directors, managers, partners, agents, members, shareholders (in their capacity as such), officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries, employee benefit plan administrators, and all other service providers to the Deferral Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them of: any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state, or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen for actions during the Class Period:

a.      That were or could have been asserted in the Amended Class Action Complaint or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences related to the Deferral Plan that were alleged, asserted, or set forth in the Amended Class Action Complaint or in any complaint previously filed in the Class Action; or

b.      That relate to the direction to calculate, the calculation of, the tax reporting of, and/or the method or

> manner of allocation of the Qualified Settlement Fund to the Deferral Plan or any Class Member in accordance with the Plan of Allocation; or

c.    That relate to any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement.

If the Proposed Settlement is not approved, the case will proceed as if no settlement had occurred. There can be no assurance that if the settlement is not approved and the case resumes that Class Members will recover more than what is provided for under the settlement or will recover anything at all.

## IX.    Who represents the Settlement Class?

The Court appointed the following lawyers ("Class Counsel") as counsel for the Settlement Class:

| | |
|---|---|
| William S. Norton<br>Erin C. Williams<br>MOTLEY RICE LLC<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29464<br>Telephone: (843) 216-9000<br>Facsimile:  (843) 216-9450<br>bnorton@motleyrice.com<br>ecwilliams@motleyrice.com<br><br>William H. Narwold<br>Mathew P. Jasinski<br>MOTLEY RICE LLC<br>20 Church Street, 17th Floor<br>Hartford, CT 06103<br>Telephone: (860) 882-1681<br>Facsimile:  (860) 882-1682<br>bnarwold@motleyrice.com<br>mjasinski@motleyrice.com | Thomas R. Ajamie<br>David S. Siegel<br>John S. "Jack" Edwards, Jr.<br>AJAMIE LLP<br>Pennzoil Place - South Tower<br>711 Louisiana, Suite 2150<br>Houston, TX 77002<br>Telephone: (713) 860-1600<br>Facsimile:  (713) 860-1699<br>tajamie@ajamie.com<br>dsiegel@ajamie.com<br>jedwards@ajamie.com<br><br>Robert A. Izard<br>Mark P. Kindall<br>Douglas P. Needham<br>IZARD, KINDALL & RAABE, LLP<br>29 South Main Street, Suite 305<br>West Hartford, CT  06107<br>Telephone: 860-493-6292<br>rizard@ikrlaw.com<br>mkindall@ikrlaw.com<br>dneedham@ikrlaw.com |

From the beginning of the case to the present, Class Counsel has not received any payment for their services in pursuing this case or in obtaining this Proposed Settlement, nor have they been reimbursed for any out-of-pocket costs they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees in an amount of up to 1/3 of the Total Settlement Amount, for reimbursement of costs incurred in the action, and for a Case Contribution Award to the Class Representative. If the Court approves Class Counsel's motion for fees and costs and a Case Contribution Award for the Class Representative, Class Counsel and the Class Representative will be paid from the Settlement Fund. Class Members will not have to pay anything directly toward the fees or costs of Class Counsel. You do not need to hire your own lawyer because Class Counsel is working on your behalf and will seek final approval of the settlement on behalf of the Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

## X.    Where can I get more information about the Lawsuit and the proposed settlement?

This notice provides only a summary of the matters relating to the settlement. More detailed information is provided in the Settlement Agreement and on the Settlement Website. To see the complete case file, including the Settlement Agreement and all other documents filed in the Lawsuit, you may examine the court file at the office of the Clerk of the Court in the Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina 29201.

**PLEASE DO <u>NOT</u> CONTACT THE COURT (INCLUDING THE CLERK OF THE COURT OR THE JUDGE) OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT OR THE LAWSUIT**

Dated: _____

BY ORDER OF THE UNITED STATES DISTRICT COURT