# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ROBERT BERRY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | Civil Action No. 3:17-cv-00304-JFA |
| WELLS FARGO & COMPANY, WELLS FARGO CLEARING SERVICES, LLC, and WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, and DOES 1 thru 50, | | |
| Defendants. | | |

**FINAL APPROVAL ORDER AND JUDGMENT**

The Court held a hearing on _____, 2020, to determine the fairness of the proposed class-action settlement ("Settlement"), which was presented to the Court on January 31, 2020, in Plaintiff's motion for preliminary approval of class action settlement (ECF No. __) and subject to the Court's order granting preliminary approval of the settlement class and settlement and providing for notice settlement (ECF No. __) on _____, 2020. _____ objections were filed with respect to the proposed Settlement, and _____ Class Members appeared at the hearing to contest the Settlement. After reviewing the pleadings and evidence filed in support of the request for final approval and considering the issues, including any objections to the Settlement,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

Except as otherwise defined in this order, all capitalized terms used in this order shall have the same meanings as used in the Settlement Agreement (ECF No. __).

1. The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Settling Parties.

2. The Court finds for settlement purposes only that the Federal Rule of Civil Procedure Rule 23 factors are present and that certification of the proposed Settlement Class, as defined and set forth below, which was preliminarily certified previously, is appropriate under Fed. R. Civ. P. Rule 23(a) and Rule 23(b)(1). The "Settlement Class" is defined as:

> All persons who participated in the Wells Fargo Advisors Performance Award Contribution and Deferral Plan (the "Deferral Plan") between February 1, 2011, and the Settlement Agreement Execution Date, who earned deferred compensation under the Deferral Plan, were denied compensation under the Deferral Plan's Forfeiture Clause (§ 5.05), and have not as of the Settlement Agreement Execution Date released, in writing, their right to recover unpaid deferred compensation under the Deferral Plan.

Specifically, the Court finds for settlement purposes only that the Settlement Class described above satisfies the following factors of Fed. R. Civ. P. 23(a) and 23(b)(1):

(a) <u>Numerosity</u>: In this case, the Settlement Class consists of over one thousand individuals. Thus, the numerosity requirement has been met.

(b) <u>Commonality</u>: Plaintiff's claims are common in that they allege a common course of conduct affecting each Class Member.

(c) <u>Typicality</u>: Plaintiff's claims arise from the same course of conduct and share the substantially same legal theory, as do the claims of the members of the Settlement Class. Further, Plaintiff will advance the interests of all Class Members. Plaintiff pleaded various causes of action stemming from a common course of conduct. Plaintiff's claims are typical of those of the Settlement Class.

(d) <u>Adequacy</u>: Plaintiff asserts claims representative of the claims of the Class in its entirety. As such, even though the claims may not be identical in amount to every claim of every Class Member, Plaintiff can adequately represent the entire Class.

The adequacy factor also considers Class Counsel. In this case, Class Counsel regularly engage in complex litigation similar to the present case

and have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is satisfied for both Classes.

A class is certified under Rule 23(b)(1)(A) in that separate actions "would create a risk of inconsistent or varying adjudications . . . that would establish incompatible standards of conduct" for the defendant and under 23(b)(1)(B) in that separate actions would create a risk that individual actions would be "dispositive of the interests of other members not parties to the individual" suits or "would substantially impair or impede their ability to protect their interests."  FED. R. CIV. P. 23(b)(1)(A) & (B).  Thus, the Court approves the Settlement Class.

3.     The Settlement Class has received proper and adequate notice of the Settlement Agreement, the Final Approval Hearing, Class Counsel's application for attorney's fees and expenses and for a Case Contribution Award to the Lead Plaintiff, and the Plan of Allocation. This notice was given in accordance with the Order Preliminarily Approving Settlement Class and Settlement and Providing for Notice (ECF No. __).

4.     The foregoing notice:  (i) is appropriate under the circumstances; (ii) constituted notice that was concise, clear, and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Class Action, the claims, issues, and defenses of the Class, the definition of the Class certified, their right to object to the proposed Settlement, their right to appear at the Final Settlement Hearing, through counsel if desired, and the binding effect of a judgment on Class Members; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

--

5. The Court approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

6. Under Federal Rule of Civil Procedure 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is a fair, reasonable, and adequate settlement and compromise of the claims asserted in this Class Action. Specifically, the Court finds that:

(a) The Class Representative and Class Counsel have adequately represented the Class Members;

(b) The Settlement was negotiated vigorously and at arms'-length by counsel for the Defendants, on the one hand, and the Class Representative and Class Counsel on behalf of the Settlement Class, on the other hand;

(c) the Settlement Amount—$79 million—is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3);

(d) the Settlement treats Class Members equitably relative to each other.

(e) This Class Action settled after Defendants had answered the operative complaint (ECF No. 22) and substantial discovery had occurred;

(f) The Settlement was reached with the assistance of an experienced Mediator, who was thoroughly familiar with the litigation;

(g) The Class Representative and Defendants had sufficient information to evaluate the settlement value of the Class Action;

--

(h)  If the Settlement had not been achieved, the Settling Parties faced the expense, risk, and uncertainty of extended litigation; and

(i)  At all times, the Class Representative acted independently of Defendants and in the interest of the Settlement Class.

7.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (including the Settlement Agreement): (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or Released Party; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or Released Party in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or Released Party may file the Judgment from the Class Action in any other action that may be brought against it or them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.  The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees in the Class Action in the amount of $_____. The Court further grants Class Counsel's application for reimbursement of costs and expenses in the amount of $_____.

9.  The Court hereby grants Plaintiffs' request for a Case Contribution Award to Plaintiff Robert Berry in the amount of $_____ as compensation for his role as the Class Representative and for the responsibility and work attendant to that role.

--

10. Any subsequent court order regarding Class Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses, and a Case Contribution Award for the Lead Plaintiff shall in no way disturb or affect this Final Approval Order and Judgment. Reversal or modification on appeal of any order concerning Class Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses, or Case Contribution Award for the Lead Plaintiff shall not affect the finality of Final Approval Order and Judgment and shall not constitute grounds for canceling or terminating the Settlement.

11. The Class Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

12. Without affecting the finality of this Judgment, the Court retains continuing jurisdiction over the Class Action, the Parties, and the Class Members, as well as the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcing or implementing the Settlement must be presented by motion to the Court.

13. There being no just reason to delay, the Clerk is instructed to enter this Judgment forthwith.

IT IS SO ORDERED

_____, 2020  
Columbia, South Carolina

_____  
Joseph F. Anderson, Jr.  
United States District Court Judge

--