IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ROBERT BERRY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 3:17-cv-00304-JFA |
| WELLS FARGO & COMPANY, WELLS FARGO CLEARING SERVICES, LLC, and WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, and DOES 1 thru 50, | § § § § § § § | |
| Defendants. | § | |

**ORDER PRELIMINARILY APPROVING
SETTLEMENT CLASS AND SETTLEMENT AND PROVIDING FOR NOTICE**

This class action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), related to the Wells Fargo Advisors Performance Award Contribution and Deferral Plan (the "Deferral Plan"). The Court certified the class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1) on October 10, 2018, and appointed Robert Berry as Class representative and his counsel as Class counsel. (ECF Nos. 85 & 86.)

Class Representative Robert Berry ("Class Representative"), on behalf of himself and the Settlement Class (collectively, "Plaintiffs"), and Defendants Wells Fargo & Company, Wells Fargo Clearing Services LLC, and Wells Fargo Financial Advisors Financial Network, LLC ("Defendants," and collectively with Plaintiffs, the "Settling Parties"), have agreed to settle all claims asserted against Defendants in this Class Action with prejudice (the "Settlement") on the terms and conditions in the Settlement Agreement, dated January 31, 2020 (the "Settlement

Agreement"), subject to approval of this Court. To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

Neither the Settlement Agreement, nor this preliminary approval order, nor the fact of a settlement are an admission or concession by Defendants and/or any Released Party of any liability or wrongdoing.

Plaintiff filed a motion for preliminary approval of settlement on January 31, 2020, and requested that the Court, under Rule 23 of the Federal Rules of Civil Procedure, enter an order preliminarily approving the Settlement and authorizing notice to Settlement Class Members.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. **Settlement Class**: The Court finds for settlement purposes only that the Federal Rule of Civil Procedure Rule 23 factors are present and that preliminary certification of the proposed Settlement Class, as defined and set forth below, is appropriate under Fed. R. Civ. P. Rule 23(a) and Rule 23(b)(1). The "Settlement Class" is defined as:

> All persons who participated in the Wells Fargo Advisors Performance Award Contribution and Deferral Plan (the "Deferral Plan") between February 1, 2011, and the Settlement Agreement Execution Date, who earned deferred compensation under the Deferral Plan, were denied compensation under the Deferral Plan's Forfeiture Clause (§ 5.05), and have not as of the Settlement Agreement Execution Date released, in writing, their right to recover unpaid deferred compensation under the Deferral Plan.

Specifically, the Court preliminarily finds for settlement purposes only that the Settlement Class described above satisfies the following factors of Fed. R. Civ. P. 23(a) and 23(b)(1):

(a) <u>Numerosity</u>: In this case, the Settlement Class consists of over one thousand individuals. Thus, the Rule 23(a)(1) numerosity requirement has been met with respect to the Settlement Class.

    (b)    <u>Commonality</u>:  Plaintiff's claims are common in that they allege a common course of conduct affecting each Class Member.

    (c)    <u>Typicality</u>:  Plaintiff's claims arise from the same course of conduct and share the substantially same legal theory, as do the claims of the members of the Settlement Class.  Further, Plaintiff will advance the interests of all Class Members.  Plaintiff pleaded various causes of action stemming from a common course of conduct.  Plaintiff's claims are typical of those of the Settlement Class, and the Settlement Class satisfies Rule 23(a)(3).

    (d)    <u>Adequacy</u>:  Plaintiff's claims are representative of the claims of the Settlement Class in its entirety.  As such, even though the claims may not be identical in amount to every claim of every Settlement Class Member, Plaintiff can adequately represent the entire Settlement Class.

               The adequacy factor also considers Class Counsel.  In this case, Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter.  The adequacy requirement is satisfied for the Settlement Class.

A class is certified under Rule 23(b)(1)(A) in that separate actions "would create a risk of inconsistent or varying adjudications . . . that would establish incompatible standards of conduct" for the defendant and under 23(b)(1)(B) in that separate actions would create a risk that individual actions would be "dispositive of the interests of other members not parties to the individual" suits or "would substantially impair or impede their ability to protect their interests."  FED. R. CIV. P. 23(b)(1)(A) & (B).  Thus, the Court preliminarily approves the Settlement Class.

    2.    **Preliminary Approval of the Settlement**:  The Court preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.  The Court finds that (a) the proposed Settlement resulted from extensive arms'-length negotiations with the assistance of an experienced mediator; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery of the strengths and weaknesses of Plaintiffs' claims; (c) Class Counsel have concluded that the proposed

Settlement is fair, reasonable, and adequate; and (d) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. After considering the essential terms of the Settlement Agreement, the Court finds that those whose claims would be settled, compromise, dismissed, or released under the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

3. **Use of Order**: This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fiduciary status, fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Class Representative or the Settlement Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have, in the event that the Settlement Agreement Terminates. The Settlement Agreement and any related proceedings are for settlement purposes only.

4. **Final Approval Hearing**: The Court will hold a settlement hearing ("Final Approval Hearing") on June 15, 2020, at 10:00 a.m. in Courtroom IV of the United States District Court for the District of South Carolina, Columbia Division, 901 Richland St, Columbia, SC 29201. The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

5.      **Class Notice**:  The Court (a) approves, as to form and content, the Settlement Notice; and (b) finds that the mailing and distribution of a Settlement Notice for the proposed Settlement, substantially in the form as that attached as Exhibit 2 to the Settlement Agreement and the publication of the Settlement Notice in the manner and form stated in paragraph 5 of this Order (i) is appropriate under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Class Action, of the effect of the proposed Settlement, of their right to object to the Settlement, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Settlement Notice before it is mailed and published.

6.      **CAFA Notice**:  As provided in the Settlement Agreement, Defendants are required to serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") substantially in the form as that attached as Exhibit 4 to the Settlement Agreement, no later than ten (10) calendar days following the filing of the Settlement Agreement with the Court. Defendants shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Final Approval Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, of compliance with CAFA § 1715(b).

7.      **Retention of Settlement Administrator and Manner of Giving Notice**:  The Settling Parties are authorized to retain a settlement administrator (the "Settlement Administrator") to supervise and administer the notice procedure for the proposed Settlement and to process Claims for the proceeds of the Settlement.  Notice of the Settlement and the Final Approval Hearing shall be given as follows:

(a)     within ten (10) business days of the date of entry of this Order, Defendants shall provide or cause to be provided to the Settlement Administrator in electronic format (at no cost to the Settlement Fund, Class Counsel, or the Settlement Administrator) a list (consisting of names and addresses) of all Class Members;

(b)     not later than thirty (30) business days after the date of entry of this Order (the "Notice Date"), the Settlement Administrator shall cause a copy of the Settlement Notice ("Settlement Notice"), substantially in the form as that attached as Exhibit 2 to the Settlement Agreement, to be mailed by first-class mail to potential Settlement Class Members at the addresses listed in Defendants' records or who may otherwise be identified through commercially reasonable efforts; and

(c)     contemporaneously with the mailing of the Settlement Notice, the Settlement Administrator shall cause a copy of the Settlement Notice to be posted on a website to be developed for the Settlement, from which copies of the Settlement Notice can be downloaded.

8.      **Motion and Briefs in Support of Final Approval of the Settlement**:  The Motion and Briefs and other documents in support of final approval of the Settlement shall be filed by May 1, 2020.

9.      **Objections to Settlement**:  Any Class Member who wishes to object to the Settlement, the proposed award of attorneys' fees and expenses, or the request for a Case

Contribution Award for the Class Representative must file with the Court and serve on Class Counsel and Defense Counsel a statement of his, her, or its Objection(s), specifying the reason(s), if any, for each such Objection made, including any legal support or evidence that the objector wishes to bring to the Court's attention or introduce in support of the Objection(s). The addresses for filing Objections with the Court and serving objections on counsel are as follows:

**For filing:**

Clerk of the Court
United States District Court
District of South Carolina
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201
RE: *Berry v. Wells Fargo & Co.*, Civil Action No. 3:17-cv-00304-JFA

**To Class Counsel:**

| | |
|---|---|
| Thomas R. Ajamie | William H. Narwold |
| David S. Siegel | Mathew P. Jasinski |
| John S. "Jack" Edwards, Jr. | MOTLEY RICE LLC |
| AJAMIE LLP | One Corporate Center |
| Pennzoil Place - South Tower | 20 Church Street, 17th Floor |
| 711 Louisiana, Suite 2150 | Hartford, CT  06103 |
| Houston, TX  77002 | bnarwold@motleyrice.com |
| tajamie@ajamie.com | mjasinski@motleyrice.com |
| dsiegel@ajamie.com | |
| jedwards@ajamie.com | William S. Norton |
| | Erin C. Williams |
| Robert Izard | MOTLEY RICE LLC |
| Mark P. Kindall | 28 Bridgeside Boulevard |
| Douglas P. Needham | Mount Pleasant, SC  29464 |
| IZARD, KINDALL & RAABE LLP | bnorton@motleyrice.com |
| 29 South Main Street, Suite 305 | ecwilliams@motleyrice.com |
| West Hartford, CT  06107 | |
| rizard@ikrlaw.com | |
| mkindall@ikrlaw.com | |
| dneedham@ikrlaw.com | |

***To Defendants' Counsel***:

| | |
|---|---|
| Amanda A. Sonneborn<br>Samuel Schwartz-Fenwick<br>Megan E. Troy<br>SEYFARTH SHAW LLP<br>233 S. Wacker Drive, Suite 8000<br>Chicago, IL 60606<br>asonneborn@seyfarth.com<br>sschwartz-fenwick@seyfarth.com<br>mtroy@seyfarth.com<br><br>Frederick T. Smith<br>SEYFARTH SHAW LLP<br>1075 Peachtree Street N.E., Suite 2500<br>Atlanta, GA 30309<br>fsmith@seyfarth.com | Adam N. Yount<br>Robert Y. Knowlton<br>Pierce T. MacLennan<br>HAYNSWORTH SINKLER BOYD, P.A.<br>134 Meeting Street, Third Floor<br>P.O. Box 340<br>Charleston, SC  29402-0340<br>ayount@hsblawfirm.com<br>bknowlton@hsblawfirm.com<br>pmaclennan@hsblawfirm.com |

10.     Any objector or his, her, or its counsel (if any and retained *at* the objector's expense) must file the Objection and supporting materials with the Court by May 16, 2020, and any objector must serve copies of the Objection (together with any supporting materials) on counsel listed above so that such Objection is received by May 16, 2020. Service on counsel may be accomplished by email, but service on the Court must be made by electronic case filing (ECF) or first-class mail.  Objectors who desire to present evidence at the Final Approval Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Any objector who does not timely submit a written Objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection.

11.     Class Counsel and Defendants' Counsel and shall promptly furnish each other with copies of any Objections to the Settlement they receive.

12. Any responses to Objections shall be filed with Court and served on opposing counsel by June 8, 2020. There shall be no reply briefs.

13. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed by June 8, 2020.

14. **Motion for Attorneys' Fees and Costs and Case Contribution Award**: Any Motion by Class Counsel for attorney's fees, litigation costs, and a Case Contribution Award to the Class Representative shall be filed by May 11, 2020.

15. **Objections to Any Motion for Attorneys' Fees and Costs and Case Contribution Award**: Any objections to any Motion for Attorneys' Fees and Costs and Case Contribution Award shall be filed and served in accordance with paragraphs 9–10 above.

16. **Supporting Papers**: Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, Class Counsel's Motion for an award of attorneys' fees and reimbursement of expenses, and Class Counsel's application for a Case Contribution Award by May 1, 2020; and responses, if any, shall be filed and served by June 8, 2020.

17. **Appearance at Final Approval Hearing**: Any objector who files and serves a timely, written Objection in accordance with paragraphs 9–10 or 15 above may also appear at the Final Approval Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by May 16, 2020. Any objector who does not timely submit a notice of

intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

18. **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court stays all proceedings in the Class Action other than proceedings necessary to carry out or enforce the terms of the Settlement Agreement.

19. **Settlement Administration Fees and Expenses**: All reasonable costs incurred in identifying Class Members, notifying them of the Settlement, and administering the Settlement shall be paid as stated in the Settlement Agreement without further order of the Court.

20. **Termination of Settlement**: This Order will become null and void, ab initio, and will be without prejudice to the rights of the Parties, all of whom will be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or this Order or the Final Approval Order is reversed or modified on appeal, and the Parties do not mutually agree to any such modifications. If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Class Representative shall for all purposes revert to their status as though the Parties never executed the Settlement Agreement and the statute of limitations will be deemed to have been tolled reverting the Parties back to the status of the litigation prior to execution of the Settlement Agreement.

21. **Jurisdiction**: The Court retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly

administration and consummation of the Settlement, and to resolve any and all disputes arising thereunder.

IT IS SO ORDERED.

February 5, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge